Mabel GRUNNET, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–5919.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1984.

Decided April 10, 1984.

**574**

Stephen L. Odgers, Claremont, Cal., for plaintiff-appellant.

Dzintra I. Janavs, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before SNEED and REINHARDT, Circuit Judges, and EAST,[*] District Judge.

EAST, Senior District Judge.

Mabel Grunnet filed this wrongful death action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq.* Grunnet alleged that as a direct and proximate result of allegedly negligent acts committed by the United States, Grunnet's adult daughter died in Jonestown, Guyana. The District Court dismissed the action. We affirm.

FACTS

Grunnet's daughter, Patricia, was a member of the "People's Temple," and lived with the Temple followers in Jonestown, Guyana, in South America. Patricia died in Jonestown on November 18, 1978, by suicide or other violent means following a fact-finding visit to the "People's Temple" by United States Congressman Leo Ryan who was killed shortly after his arrival in Guyana.

Grunnet filed this wrongful death action asserting that Patricia's death was the result of negligence by the United States. Grunnet alleged four "acts" of negligence by the United States: (1) failure to warn Patricia of the danger the People's Temple posed to her; (2) failure to provide Congressman Ryan with all of the information on the People's Temple possessed by the executive branch of the government that would determine whether his visit "would cause or provoke violent reactions causing the deaths of the members of People's Temple in Jonestown, Guyana;" (3) undertaking investigations into the People's Temple when the government knew that such investigations might displease the leaders and further endanger the lives of the members of the Temple; and (4) failure to warn Grunnet or Patricia's other relatives of the danger which the People's Temple posed to Patricia. In reviewing an appeal from a dismissal under Rule 12(b)(6), we must assume for purposes of appeal that all material factual allegations in the complaint, together with such reasonable inferences as may be drawn in plaintiff's favor, are true. *Interstate Natural Gas Co. v. Southern Cal. Gas Co.*, 209 F.2d 380 (9th Cir.1953); *Murray v. City of Milford*, 380 F.2d 468 (2d Cir.1967).

The District Court dismissed the complaint for lack of jurisdiction and failure to state a claim. This appeal followed.

DISCUSSION

■ The FTCA provides a limited exception to the sovereign immunity of the United States for suits in tort where an injury is

> caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the place where the act or omission occurred.

28 U.S.C. § 1346(b). The FTCA contains numerous exceptions to the limited waiver of sovereign immunity. *See* 28 U.S.C. § 2680. Where an alleged tort falls within one of the statutory exceptions, a District Court will lack subject matter jurisdiction to hear a suit arising from the alleged tort. *Jablonski by Pahls v. United States*, 712 F.2d 391, 395 (9th Cir.1983); *Morris v. United States*, 521 F.2d 872 (9th Cir.1975).

The United States contends that it is immune from the suit by Grunnet under two of the statutory exceptions, and consequently, that the District Court correctly dismissed the action for lack of jurisdiction. Specifically, the government asserts that the foreign country and discretionary function exceptions preclude jurisdiction under the FTCA.

■ "Any claim arising in a foreign country" is specifically excluded from FTCA jurisdiction. 28 U.S.C. § 2680(k). For purposes of the FTCA, an omission "occurs" or arises where the act necessary to avoid negligence should have occurred. *See Ducey v. United States*, 713 F.2d 504, 508 n. 2 (9th Cir.1983). Since Guyana is the only place where the government could have warned Patricia of the danger posed by the People's Temple, the government's failure to warn her "occurred" in Guyana. Consequently, this alleged act of negligence is immune from suit under the foreign country exception. The other alleged acts of negligence, however, occurred in the United States, and are not immune under this exception.

■ The discretionary function exception exempts the United States from liability under the FTCA for any claim

> based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Of course, not all discretionary acts are excluded. "Obvious-ly, attending to many day-to-day details of management involves decisions and thus some element of discretion. The exercise of this kind of discretion does not fall within the discretionary function exemption." *Thompson v. United States*, 592 F.2d 1104, 1111 (9th Cir.1979). The prevailing test in the Ninth Circuit for determining whether an act or omission is discretionary for purposes of the exemption is whether it occurred on the "planning level" of governmental activity or on the "operational" level. *Ducey*, 713 F.2d at 515. We also consider "the ability of the judiciary to evaluate the act or omission and whether judicial evaluation would impair the effective administration of the government." *Nevin v. United States*, 696 F.2d 1229, 1230 (9th Cir.1983), *cert. denied*, ── U.S. ──, 104 S.Ct. 70, 78 L.Ed.2d 84 (1984). The decision of the Social Security Administrator to investigate the practice of the People's Temple of cashing the social security checks of members without the knowledge, consent and permission of the parties to whom the checks were made payable, the decision of the United States Customs Service to investigate the smuggling of firearms from the State of California to the People's Temple in Guyana, and the decision of the State Department to inquire of California authorities regarding the legality of the removal of various minors from California to Guyana were all decisions clearly made at the planning level rather than the operational level of government. *Cf. Green v. United States*, 629 F.2d 581 (9th Cir.1980); *Thompson v. United States*, 592 F.2d 1104 (9th Cir.1979); *Martin v. United States*, 546 F.2d 1355 (9th Cir.1976).

Similarly, the State Department's decision regarding the information it chose to disclose to Congressman Ryan prior to the Congressman's visit to Guyana is squarely within the discretionary function exception. Generally, the State Department's decision to share an internal investigation with a member of Congress is a matter of Executive privilege. While there may be some exceptions to the general rule that the Executive branch has no affirmative obligation to disclose internal matters, *e.g., Unit-*

ed States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); 5 U.S.C. § 552 (1983) Freedom of Information Act, the fact that a proposed foreign visit by a member of the legislative branch may somehow result in danger to third parties in the foreign land does not trigger any such exception. Because there is no allegation here that the State Department withheld information regarding possible peril to Congressman Ryan himself resulting from his proposed visit to Guyana, we do not decide if there is an affirmative duty on the part of the government to warn a Congressman of imminent danger to himself of which it has advance notice.

It is not so clear, however, that the government was exercising a discretionary function when it omitted to warn Grunnet or Patricia's other relatives of the danger the People's Temple posed to Patricia. Nevertheless, we agree with the District Court that Grunnet failed to state a claim with respect to this alleged act of negligence.

To make out a claim in negligence, Grunnet must show that the United States breached a duty owed to her "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Since the failure to warn Grunnet "occurred" in California, California law would apply with respect to this issue.

■ It is a general rule in California that "one owes no duty to control the conduct of another, nor to warn those endangered by such conduct," unless the defendant bears some special relationship to either the person whose conduct needs to be controlled or to the foreseeable victim of that conduct. *Davidson v. City of Westminster,* 32 Cal.3d 197, 203, 185 Cal.Rptr. 252, 255, 649 P.2d 894, 897 (1982). Thus, the California Supreme Court held that where a particular individual (Tatiana) was the subject of threats by an eventual assailant (Poddar), the defendant therapists had a duty to exercise due care to warn the potential victim; this duty arose from the special relationship between a patient and his doctor or psychotherapist. *Tarasoff v. Regents of University of California,* 17 Cal.3d 425, 436, 131 Cal.Rptr. 14, 551 P.2d 334 (1976). The court also found, however, that as to certain police defendants who had briefly detained and then released Poddar, the police did not have any comparable special relationship to either Tatiana or to Poddar sufficient to impose upon these defendants a duty to warn. *Id.* at 444, 131 Cal.Rptr. 14, 551 P.2d 14. In *Johnson v. State of California,* 69 Cal.2d 782, 73 Cal. Rptr. 240, 447 P.2d 352 (1968), where the California Youth Authority placed a minor in plaintiff's foster home, the court held that a special relationship existed between the Youth Authority and the plaintiff sufficient to impose a duty on the Youth Authority to warn plaintiff of the minor's homicidal tendencies. *Id.* at 785–86, 73 Cal. Rptr. 240, 447 P.2d 352.

■ Grunnet has wholly failed to establish any duty on the part of the United States to warn Patricia's relatives that the People's Temple posed a danger to her. Grunnet cited no case and presented no theory to support the existence of a duty to warn the relatives of an adult of any threatened danger to that individual. For this reason alone, we would be compelled to conclude that Grunnet failed to meet her burden of establishing that the United States owed her a duty, and that, therefore, she failed to state a claim with respect to this alleged act of negligence.

The District Court therefore did not err when it dismissed Grunnet's action for lack of jurisdiction and for failure to state a claim.

AFFIRMED.