127 F.3d 1190
 72 Empl. Prac. Dec. P 45,227, 97 Cal. Daily
Op. Serv. 8451,
97 Daily Journal D.A.R. 13,645
Traci ANDERSON; Cynthia Irons, Plaintiffs-Appellees,
and
Vitro Corporation, for a Limited Purpose,
v.
UNITED STATES Of America, Defendant-Appellant.
 No. 96-35768.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Nov. 4, 1997.
 
 Stephanie R. Marcus, United States Department of Justice, Washington, DC, for the defendant-appellant.
 Abraham A. Arditi, Seattle, Washington, for the plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Washington; Robert J. Bryan, District Judge, Presiding. D.C. No. CV-94-05458-RJB.
 Before: SKOPIL and TROTT, Circuit Judges, and ROLL, District Judge.*
 TROTT, Circuit Judge.
 
 OVERVIEW
 
 1
 Plaintiffs Traci Anderson and Cynthia Irons filed an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680 (1994), alleging the government was liable for, inter alia, negligent supervision and sexual harassment based on a Washington state civil rights statute. Wash. Rev.Code (RCW) § 49.60.030 (Supp.1996-1997). The court entered a judgment awarding compensatory damages. It issued a separate award covering attorneys' fees and expenses. The district court reasoned that because the state statute authorizes an award of attorneys' fees and expenses against private parties, the government should likewise be liable for such fees and expenses. This court reverses and remands to vacate judgment only to the extent that it grants an award of attorneys' fees and expenses against the United States.
 
 STANDARD OF REVIEW
 
 2
 This court reviews de novo the issue of sovereign immunity for the purposes of recovering attorneys' fees under the FTCA. E.J. Friedman Co. v. United States, 6 F.3d 1355, 1357 (9th Cir.1993).
 
 DISCUSSION
 
 3
 The FTCA does not contain an express waiver of sovereign immunity for attorneys' fees and expenses. We adopt the reasoning and holding of Joe v. United States, in which the Eleventh Circuit found that sovereign immunity bars an award of attorneys' fees against the United States unless a statute expressly authorizes such an award. 772 F.2d 1535, 1536 (11th Cir.1985) (per curiam).
 
 
 4
 There is no mention of waiver of sovereign immunity in the only section of the FTCA that mentions attorneys' fees. Such a waiver will not be inferred. The FTCA refers to attorneys' fees only once, in a provision that limits the amount an attorney can recover in a contingency fee arrangement to twenty-five percent of the total damage award. 28 U.S.C. § 2678 (1994). This provision and its legislative history indicate that Congress viewed FTCA claims as typically involving contingency fee arrangements, not recovery from the government. See Joe, 772 F.2d at 1537.
 
 
 5
 A state statute that permits the recovery of attorneys' fees does not entitle prevailing parties to a fee award against the United States under the FTCA. Johnson v. United States, 780 F.2d 902, 910 (11th Cir.1986). This court, citing both Joe and Johnson, has reiterated that a waiver of sovereign immunity in the FTCA "is to be construed narrowly so that the government is never held liable for a plaintiff's attorney fees, even if the local substantive law permits recovery of fees against a private individual in like circumstances." Jackson v. United States, 881 F.2d 707, 712 (9th Cir.1989).
 
 
 6
 Congress has not waived the government's sovereign immunity for attorneys' fees and expenses under the FTCA. The district court therefore erred when it found the government liable for plaintiffs' attorneys' fees and costs. We reverse and remand to vacate judgment on fees and costs. The district court's award of compensatory damages, not the subject of this appeal, remains undisturbed.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable John McCarthy Roll, United States District Judge for the District of Arizona, sitting by designation