226 F.3d 996 (9th Cir. 2000)
 KATUSHA NURSE, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, and 30 UNKNOWN EMPLOYEES OF THE DEPARTMENT OF THE TREASURY, U.S. CUSTOMS SERVICE, in official and individual capacities, Defendants-Appellees.
 No. 98-56971
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted June 7, 2000--Pasadena, California
 Filed September 12, 2000
 
 1
 [Copyrighted Material Omitted][Copyrighted Material Omitted]
 
 
 2
 COUNSEL: Carol A. Watson, Manes & Watson, Los Angeles, California, for the plaintiff/appellant.
 
 
 3
 Alejandro N. Mayorkas, Leon W. Weidman, and John K. Rubiner, Office of the United States Attorney, Los Angeles, California, for the defendants/appellees.
 
 
 4
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding D.C. No.CV-98-3096 R (AJWx)
 
 
 5
 Before: Stephen Reinhardt, Marsha S. Berzon, Circuit Judges, and Charles R. Breyer, District Judge.[1]
 
 OPINION
 BREYER, District Judge:
 
 6
 Appellant Katusha Nurse appeals the district court dismissal of her complaint. Upon review, we find that appellant's complaint states valid claims for relief under both theFederal Tort Claims Act ("FTCA"), 28 U.S.C.S 2671, et seq.,and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). We reverse in part, affirm in part, and remand the case for further proceedings.
 
 BACKGROUND
 
 7
 Appellant Katusha Nurse filed a complaint in United States District Court on April 23, 1998. Appellant's complaint alleges that she suffered severe emotional distress after she was unlawfully stopped, arrested and searched during a trip from Canada to the United States. Specifically, appellant's complaint alleges the following facts:
 
 
 8
 On August 24, 1996, appellant, a black woman and Canadian citizen, traveled from British Columbia to the United States. When she arrived at the airport in Vancouver, appellant was detained, arrested and searched by ten unknown agents of the United States Customs Service ("Vancouver defendants"). Appellant alleges that the officers lacked either probable cause or reasonable suspicion for the arrest and search, and that the officers' actions were motivated by appellant's race.
 
 
 9
 After the detention and search, the Vancouver defendants released appellant, and she flew to Los Angeles International Airport, where she was again detained, arrested and searched without probable cause or reasonable suspicion. Again, appellant alleges that she was held and searched by ten unknown customs agents ("LAX defendants"), and that the agents discriminated against her on the basis of her race.
 
 
 10
 Appellant also alleges that her mistreatment in Vancouver and Los Angeles was caused by the negligent and intentional acts and decisions of ten other federal officials ("policymaking defendants"), who were stationed and headquartered somewhere in the United States. According to the complaint, these officials "established, promulgated and enforced rules, regulations, policies, directives, guidelines, and practices which they knew, or should have known, were unlawful and discriminatory and would result in the false arrests and detentions and unlawful searches of persons, particularly persons of color, traveling to and from the United States." Further, appellant charges that these officials negligently employed, trained, and supervised other customs agents, including those who detained and searched her in Vancouver and Los Angeles.
 
 
 11
 Appellant's complaint states four causes of action against the United States and the 30 unknown federal agents: (1) false arrest/imprisonment and invasion of privacy, pursuant to the FTCA; (2) negligence, pursuant to the FTCA;
 
 
 12
 (3)"constitutional violation" against the Vancouver defendants and the LAX defendants, pursuant to Bivens, supra; and (4) "constitu-tional violation" against the policy-making defendants, pursuant to Bivens, supra. Appellant bases her Bivens claims on alleged violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. She sues the 30 individual defendants in both their official and individual capacities.
 
 
 13
 On July 13, 1998, appellee United States of America moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). The district court dismissed appellant's entire complaint without leave to amend on October 2, 1998. This appeal followed.
 
 STANDARD OF REVIEW
 
 14
 We review the district court's determination of subject matter jurisdiction de novo. See Blackburn v. United States, 100 F.3d 1426, 1429 (9th Cir. 1996). In reviewing the district court's dismissal, we must accept as true the factual allegations in the complaint. See United States v. Gaubert, 499 U.S. 315, 327 (1991). We review the district court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 114 S.Ct. 1023 (1994).
 
 DISCUSSION
 
 15
 Appellant's complaint states two types of claims for relief: FTCA claims and Bivens claims. We will address these claims separately.
 
 I. FTCA Claims
 
 16
 Appellant's claims against the United States and against the individual defendants acting in their official capacities arise under the FTCA, 28 U.S.C. S 2671, et seq. The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. See Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). Under the FTCA, the United States may be held civilly liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. S 2674.
 
 
 17
 However, the FTCA's waiver of immunity is limited by a number of statutory exceptions. See 28 U.S.C. S 2680. If appellant's causes of action fall within one or more of these exceptions, then the federal courts lack subject matter jurisdiction to hear her claims. See Donahue v. United States Dept. of Justice, 751 F.Supp. 45, 47 (S.D.N.Y. 1990). To determine whether the district court's dismissal of appellant's complaint was proper, we must review each of appellant's FTCA claims to decide whether it falls within one of the statutory excep-tions to the Act. Specifically, we must review appellant's FTCA claims based on the acts of the policy-making defendants, the LAX defendants and the Vancouver defendants. We discuss each of these claims below.
 
 
 18
 A. FTCA Claims Based on Acts of the Policy-Making Defendants
 
 
 19
 First, appellant sues the United States pursuant to the FTCA, claiming that the policy-making defendants negligently and intentionally established policies that would result in false arrests and unlawful detentions and searches, and negligently supervised their employees. Appellees argue that the alleged actions of the policy-making defendants fall within the FTCA's "discretionary function exception, " 28 U.S.C. S 2680(a), and that appellant's FTCA claim based on these acts is therefore barred.
 
 
 20
 The discretionary function exception precludes claims against the United States which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion was abused." 28 U.S.C. S 2680(a). In order to determine whether the discretionary function exception applies, the court must engage in a two-step inquiry. First, the court must determine whether the challenged conduct involves an element of judgment or choice. See Berkovitz v. United States, 486 U.S. 531, 536 (1988). Second, if the conduct involves some element of choice, the court must determine whether the conduct implements social, economic or political policy considerations. See Gasho v. United States, 39 F.3d 1420, 1435 (9th Cir. 1994).
 
 
 21
 The Supreme Court has indicated that the "basis for the discretionary function exception was Congress's desire to `prevent judicial "second-guessing" of legislative and administrative decisions grounded in' " public policy. Berkovitz, 486 U.S. at 536-37 (quoting United States v. Varig Airlines, 467 U.S. 797, 814 (1984)). When a statute or regulation allows a federal agent to act with discretion, there is a "strong presumption" that the authorized act is based on an underlying policy decision. United States v. Gaubert , 499 U.S. 315, 324 (1991). Notably, to be protected from suit, the challenged decision "need not actually be grounded in policy considerations" so long as it is, "by its nature, susceptible to a policy analysis." Miller v. United States, 163 F.3d 591, 593 (9th Cir. 1998) (emphasis added). The determination of whether given conduct falls within the discretionary function exception must focus on the "nature of the conduct, rather than the status of the actor." Gaubert, 499 U.S. at 536 (quoting Varig, 467 U.S. at 813).
 
 
 22
 Appellant's complaint alleges that the policy-making defendants engaged in two types of tortious activities: (1) negligent supervision and training of the Vancouver and LAXemployees; and (2) negligent and intentional establishment of policies that resulted in unlawful arrests, detentions, and searches. As discussed below, the first group of activities involve discretionary functions, as that term is used in section 2680(a). The second group may be non-discretionary, and we reverse for that reason.
 
 
 23
 First, the complaint challenges the policy-making defendants' allegedly negligent and reckless employment, supervision and training of the Vancouver and LAX defendants. These acts fall squarely within the discretionary function exception. See Gager v. United States, 149 F.3d 919 (9th Cir. 1998) (government's decision to forego employee training was a discretionary one); Tonelli v. United States, 60 F.3d 492, 496 (8th Cir. 1995) ("Issues of employee supervision and retention generally involve the permissible exercise of policy judgment," as do hiring decisions); K.W. Thompson Tool Co., Inc. v. United States, 836 F.2d 721 (1st Cir. 1988). Therefore, appellant's FTCA claims based on these acts are barred by the discretionary function exception.
 
 
 24
 The second category of alleged activities, the establishment, promulgation and enforcement of policies, rules and regulations, presents a more difficult question. Typically, the promulgation of policies and rules is protected by the FTCA's discretionary function exception. See Weissich v. United States, 4 F.3d 810, 813 (9th Cir. 1993) (budget and personnel allocation decisions fall within discretionary function exception); Miller v. United States, 163 F.3d 591, 596 (9th Cir. 1998) (quoting Parsons v. United States, 811 F.Supp. 1411, 1420 (E.D. Cal. 1992)) (establishing priorities and assigning resources are discretionary choices protected by section 2680(a)); Hughes v. United States, 110 F.3d 765, 768 (11th Cir. 1997) (decision regarding post office security involved discretionary judgment).
 
 
 25
 In this case, however, the complaint alleges that the policy-making defendants promulgated discriminatory, unconstitutional policies which they had no discretion to create. In general, governmental conduct cannot be discretionary if it violates a legal mandate. See United States Fidelity & Guaranty Co. v. United States, 837 F.2d 116, 120 (3d Cir.) cert. denied, 487 U.S. 1235, 1087 S.Ct. 2902, 101 L.Ed.2d 935 (1988). Because of the bare allegations of the complaint, we cannot determine at this stage of the proceedings whether the acts of the policy-making defendants violated the Constitution, and, if so, what specific constitutional mandates they violated. These are questions that will be fleshed out by the facts as this case proceeds toward trial. They are not questions that can always be easily answered on a motion to dismiss. Therefore, because the alleged decisions of the policy-making defendants may have been non-discretionary, we must reversethe district court's dismissal of plaintiff's FTCA claims based on those decisions.[2]
 
 
 26
 B. FTCA Claims Based on Acts of the LAX Defendants
 
 
 27
 Appellant's second set of claims alleges false imprisonment, invasion of privacy and negligence against the United States based on the acts of the LAX defendants. Although the district court dismissed these claims, the United States conceded at oral argument that appellant's FTCA allegations based on the acts of the LAX defendants successfully stated a claim. This group of claims falls within the FTCA's "law enforcement officer" proviso, 28 U.S.C. S 2680(h), and, at this stage of the proceedings, do not appear to be protected by the discretionary function exception. See, e.g., Caban v. United States, 671 F.2d 1230, 1233 (2d Cir. 1982) (detention of suspect at international airport did not "involve a choice between competing policy considerations"); Morales v. United States, 961 F.Supp. 633, 636 (S.D.N.Y. 1997) (decision to arrest and prosecute plaintiffs for obstruction of justice did not involve consideration of public policy); Patel v. United States, 806 F.Supp. 873, 878 (N.D. Cal. 1992) (negligent execution of arrest warrant did not involve consideration of competing policy options). Cf. Jackson v. United States, 77 F.Supp.2d 709 (D. Md. 1999) (detention by customs officials involved policy considerations, and fell within discretionary function exception); Deuser v. Vecera, 139 F.3d 1190, 1195 (8th Cir. 1998) ("Law enforcement decisions of the kind involved in making or terminating an arrest must be within the discretion and judgment of enforcing officers").
 
 
 28
 Reading the complaint in the light most favorable to appellant, and in light of the government's concession at oral argument, we reverse the district court on this issue. Appellant has adequately stated a claim against the United States based on the acts of the LAX defendants.
 
 
 29
 C. Claims Based on Acts of the Vancouver Defendants
 
 
 30
 Third, appellant's complaint charges that the acts of the Vancouver defendants are also actionable under the FTCA. Like the acts of the LAX defendants, the acts of these defendants fall within the "law enforcement proviso " of section 2680(h) and do not appear to be protected by the discretionary function exception of section 2680(a). Appellees argue, however, that appellant's allegations in this section of her complaint fall within a second exception to the FTCA, the "foreign country exception" of 28 U.S.C. S 2680(k).
 
 
 31
 The FTCA's foreign country exception provides that the United States may not be held liable in tort for acts or omissions "arising in a foreign country." 28 U.S.C. S 2680(k); see generally Donahue v. U.S. Dept. of Justice, 751 F.Supp. 45 (S.D.N.Y. 1990). The purpose of the exception is to ensure that the United States is not exposed to excessive liability under the laws of a foreign country over which it has no con-trol. See Sami v. United States, 617 F.2d 755, 762-63 (D.C. Cir. 1979). Accordingly, the exception applies regardless of whether the tort occurs in a foreign area under United States control. See Donahue, 751 F.Supp. at 47.
 
 
 32
 For the purposes of the FTCA, an act "arises""where the negligent act or omission occurs," Cominotto v. United States, 802 F.2d 1127, 1130 (9th Cir. 1986), or "where the act necessary to avoid negligence should have occurred." Grunnet v. United States, 730 F.2d 573, 575 (9th Cir. 1984). The place where the loss or injury is actually felt is not necessarily controlling. See Leaf v. United States, 588 F.2d 733, 735 (9th Cir. 1978).
 
 
 33
 In accordance with these principles, we conclude that the United States is immune from suit for any negligence that occurred or should have been avoided in Vancouver. However, to the extent that appellant's alleged injuries in Vancouver were caused by decisions made by federal officials in the United States, appellant's claim survives as a "headquarters claim." A plaintiff states a headquarters claim when she alleges that negligent acts in the United States proximately caused her harm in a foreign country. See Cominotto, 802 F.2d at 1130. Such claims "typically involve allegations of negligent guidance in an office within the United States of employees who cause damage while in a foreign country, or of activities which took place within a foreign country." Id. See, e.g., Sami, 617 F.2d at 179-181 (foreign country exception did not apply where federal officers negligently instructed officials in Germany to arrest plaintiff); Leaf, 588 F.2d at 736 (if negligent supervision in United States causes injury in Mexico, foreign country exception does not apply).
 
 
 34
 The allegations of plaintiff's complaint succeed in stating a headquarters claim. As long as plaintiff (1) states an actionable FTCA claim based on the policy-making defendants' promulgation of internal agency rules and regulations, and (2) successfully alleges that those defendants proximately caused her injury in Vancouver, she can state a claim for that injury. For this reason, we reverse the district court's decision that appellant failed to state a claim based on her injuries in Vancouver.
 
 II. Bivens Claims
 
 35
 In addition to the claims under the FTCA, appellant's complaint includes two causes of action against the 30 unknown federal officers pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The district court dismissed these claims in their entirety.
 
 
 36
 Appellant's complaint purports to sue the individualdefendants in both their individual and official capacities. In its brief before this court, the United States asserted that it represents the 30 defendants in their official capacities only. The 30 defendants in their individual capacities are not represented in this appeal. Because they have not yet been served with the complaint, the 30 defendants have not responded to appellant's allegations in their individual capacities.
 
 
 37
 Appellant cannot state a claim against the federal officers in their official capacities unless the United States waives its sovereign immunity. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988) (Bivens claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."). Accordingly, appellant's official capacity claims are not cognizable as Bivens claims.
 
 
 38
 On the other hand, neither the appellees nor the district court have indicated any reason why the claims against the 30 defendants in their individual capacities should have been dismissed.[3] This court has recognized that sovereign immunity does not bar damage actions against federal officials in their individual capacities for violating individual constitutional rights. See Gilbert, 756 F.2d at 1459. Therefore, the federal government's waiver or non-waiver of sovereign immunity under the FTCA is irrelevant to appellant's individual capacity claims. Indeed, neither the individual defendants nor the United States has moved to dismiss these claims. Accordingly, we reverse the district court's dismissal of plaintiff's third and fourth causes of action to the extent that they allege violations against the officers in their individual capacities.
 
 III. Appellees' Motion to Strike
 
 39
 In addition to dismissing appellant's entire complaint, the district court struck plaintiff's demand for a jury trial, her prayer for punitive damages, and her request for an award of attorney's fees. Appellant now argues that the district court abused its discretion by striking these portions of the complaint.
 
 
 40
 The district court correctly concluded that plaintiff has no right to a jury trial on her claims against the United States. See 28 U.S.C. S 2402; In re Consolidated U.S. Atmospheric Testing Litig., 820 F.2d 982, 992 (9th Cir. 1987), cert. denied, 485 U.S. 905 (1988). Further, she has no right to either punitive damages or attorney's fees in her FTCA claims. See 28 U.S.C. S 2674 (punitive damages); Anderson v. United States, 127 F.3d 1190 (9th Cir. 1997) (attorney's fees).
 
 
 41
 Additionally, appellant has not justified her prayer for attorney's fees relating to her Bivens claims under any statutory or contractual provision or any judicially-created doctrine. It therefore does not appear at present that appellant will be eligible for fees at the conclusion of this litigation. However, because this litigation is in its early stages, we reverse the district court's order denying fees as premature. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (noting that fee awards may depend on the parties' conduct in the course of litigation).
 
 
 42
 On the other hand, although jury trials and punitive damages awards are impermissible in FTCA claims, they are both available in claims against individual defendants under Bivens. See Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (jury trial); Arnsberg v. United States, 757 F.2d 971 (9th Cir. 1985) (punitive damages). Therefore, we reverse the district court's order striking these demands from the complaint.
 
 CONCLUSION
 
 43
 Appellant's complaint states an adequate FTCA claim based on the acts of the policy-making and LAX defendants. Further, to the extent that she alleges a "headquarters claim" based on the decisions of the policy-making defendants, appellant states a FTCA claim based on the injuries she suffered in Vancouver.
 
 
 44
 The district court correctly dismissed the Bivens claims against the individual defendants acting in their official capacities. However, the court should not have dismissed the Bivens claims against the individual defendants in their individual capacities.
 
 
 45
 Finally, the district court correctly struck appellant's jury demand, punitive damages request and attorney's fees request insofar as they were based upon appellant's FTCA claims. The district court, however, prematurely struck appellant's attorney's fees demand with respect to her Bivens claims. Further, the district court abused its discretion by striking appellant's jury trial and punitive damages demands insofar as they were based upon her Bivens claims.
 
 
 46
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS IN CONFORMITY WITH THIS OPINION.
 
 
 
 Notes:
 
 
 [1]
 Honorable Charles R. Breyer, District Judge for the Northern Districtof California, sitting by designation.
 
 
 [2]
 In reaching this conclusion, we do not make any decision regarding the level of specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor. We hold only that the Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply.
 
 
 [3]
 At oral argument before this court, the United States raised two arguments for the first time regarding the merits of appellant's Bivens claims. First, appellee argued that appellant's Bivens claims are barred by the applicable statute of limitations. Second, appellee questioned the substantive merits of appellant's Bivens claims in light of the Supreme Court's discussion in United States v. Verdugo-Urquidez , 494 U.S. 259, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990). Because these issues were not addressed in the appellate briefs or in the lower court, and because counsel for the United States purports not to represent the individual defendants in this appeal, we will abstain from addressing these issues at this time. These arguments are best addressed to the district court in the first instance.