**Frank R. TOPPO, MD, Plaintiff—Appellant,**

v.

**Ron NORBY; Anthony Salem, MD; James Snyder, MD; United States of America, Defendants—Appellees.**

No. 04–15551.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2005.*

Decided Dec. 8, 2005.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Daniel D. Hollingsworth, Office of the U.S. Attorney, Las Vegas, NV, for Defendants–Appellees.

Fed. R.App. P. 34(a)(2).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before: FARRIS, TASHIMA, and
CALLAHAN, Circuit Judges.

## MEMORANDUM**

Plaintiff Frank Toppo ("Toppo"), a physician employed by the Department of Veteran Affairs ("VA"), brought suit against the United States and three of his supervisors, Ron Norby, James Snyder, and Anthony Salem (collectively "Defendants"). Defendants filed a motion to dismiss for failure to state a claim, improper service, and lack of subject matter jurisdiction. The district court granted the motion to dismiss, and denied Toppo leave to amend his complaint. Toppo now appeals, contending that the district court erred in granting the motion to dismiss, and in denying him leave to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's determination of subject matter jurisdiction de novo. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir.2000). We also review a dismissal with prejudice and without leave to amend de novo. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). We affirm.

Toppo's amended complaint and proposed second amended complaint alleged causes of action based on the First Amendment, the constitutional right to privacy, the Privacy Act of 1974, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and state common law torts.[1] All of the claims stem from Toppo's allegation that the VA retaliated against him because he spoke to Senator Harry Reid about problems at the Las Vegas VA Hospital.

Toppo's two claims based on asserted constitutional violations are both *Bivens* claims.[2] Toppo alleges that his supervisors unconstitutionally retaliated against him for exercising his First Amendment rights, and in so doing, also violated his constitutional right to privacy. Toppo could have addressed these problems through the federal personnel policy contained in the Civil Service Reform Act of 1978 ("CSRA"). *See Saul v. United States*, 928 F.2d 829, 833–34 (9th Cir.1991) (holding that the CSRA allows federal employees to challenge "prohibited personnel practices" engaged in by their supervisors, which includes violations of privacy and constitutional rights). "When allegedly unconstitutional conduct falls within the broad confines of the CSRA, courts lack jurisdiction to hear a *Bivens* action based on the conduct." *Collins v. Bender*, 195 F.3d 1076, 1078 (9th Cir.1999) (citing *Saul*, 928 F.2d at 840).

In addition, Toppo could have sought redress through a separate, specially-crafted set of disciplinary and grievance procedures for VA physicians. *See Berry v. Hollander*, 925 F.2d 311, 314–15 (9th Cir. 1991); *Khan v. United States*, 201 F.3d 1375, 1379–81 (Fed.Cir.2000) (describing amended regulatory scheme for VA physicians under 38 U.S.C. §§ 7461–64). Similarly, if conduct falls within the purview of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Toppo has not appealed the dismissal of his HIPAA and state tort claims, so we do not consider them here.

2. *See Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

the VA-specific regulatory scheme, *Bivens* claims are precluded. *Berry,* 925 F.2d at 314–16. Toppo's Privacy Act claim is also precluded for the same reasons. *See Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002) (affirming dismissal of Privacy Act claim for lack of subject matter jurisdiction where alleged conduct is covered by CSRA's "prohibited personnel practices"). Therefore, the district court was correct to dismiss Toppo's *Bivens* and Privacy Act claims for lack of subject matter jurisdiction.

Since none of the claims alleged in Toppo's proposed second amended complaint would withstand a motion to dismiss, the district court was correct in denying Toppo leave to amend his complaint, because any amendment would have been futile. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998).

Accordingly, the judgment of the district court is AFFIRMED.