**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY D. PENWELL,<br><br>   Plaintiff - Appellant,<br><br>v.<br><br>ROBIN CLEARY, Detective, Burien Police Dept; et al.,<br><br>   Defendants - Appellees. | No. 14-36075<br><br>D.C. No. 2:05-cv-00831-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

   Tony D. Penwell appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging various federal claims arising out of his

arrest and transfer to jail.  We have jurisdiction under 28 U.S.C. § 1291.  We

_____

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Penwell's due process claims alleging deprivation of property because Penwell had an adequate postdeprivation remedy under Washington law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (concluding that Washington provides adequate postdeprivation remedies).

The district court properly granted summary judgment on Penwell's claims regarding lack of privacy because Penwell failed to raise a genuine dispute of material fact as to whether any female officers or inmates saw him naked. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

To the extent that Penwell challenges the execution of the search warrant or his arrest, his claims are *Heck*-barred because success on the claims would

necessarily imply the invalidity of his criminal conviction, and Penwell has failed to allege facts sufficient to show that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court did not abuse its discretion by striking Penwell's motion for leave to amend his complaint because amendment would have been futile. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (setting forth standard of review for district court's decision to strike matter pursuant to Fed. R. Civ. P. 12(f)); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (district court may deny motion to amend based on futility of amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**