**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MELVIN KORNBERG, | No. 18-17211 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02165-JCM-NJK |
| v. | |
| UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 25, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Melvin Kornberg sued the Department of Veterans Affairs (VA) and the

United States (collectively, the Government) under the Federal Tort Claims Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

(FTCA). He appeals the district court's dismissal of his complaint for lack of subject-matter jurisdiction. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The FTCA "is a limited waiver of the United States' traditional sovereign immunity, authorizing certain civil tort suits against the government for monetary damages." *Vickers v. United States*, 228 F.3d 944, 948 (9th Cir. 2000) (citing 28 U.S.C. §§ 2671–2680). This waiver does not extend to claims that fall within the FTCA's discretionary function exception: claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a). "[F]ederal courts lack subject matter jurisdiction" over such claims. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

In his complaint, Kornberg asserted that VA doctors were negligent for "failing to provide proper, appropriate and necessary care and treatment" to Kornberg's shoulder injury. But in his opposition to the Government's motion for summary judgment, Kornberg specifically argued that his "claims against the [Government] are not medical malpractice based negligence claims." Instead, Kornberg characterized his claim as targeting the lack of "supervision of the VA doctors at issue and how that negligent supervision contributed to his injuries," and

2

he asserted that the Government had not complied with its "legal duty . . . to oversee, supervise and manage [its] employee-doctors."

Given Kornberg's express recharacterization of his claims against the Government, the district court did not err when it dismissed Kornberg's complaint for lack of subject-matter jurisdiction. Claims based on "negligent and reckless employment, supervision[,] and training" of government employees "fall squarely within the discretionary function exception." *Id.* at 1001; *see also Vickers*, 228 F.3d at 950 ("[D]ecisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."). Accordingly, the district court lacked jurisdiction over Kornberg's complaint.

We find Kornberg's arguments to the contrary to be unpersuasive. First, the fact that the Government initially raised the jurisdictional argument in a reply brief before the district court is of no moment, for a party is not "entitled to notice and an opportunity to respond" before a court dismisses a claim "for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Grp.*, 336 F.3d 982, 985 (9th Cir. 2003). Second, Kornberg specifically disclaimed any reliance on possible malpractice by the VA doctors in the district court. We thus reject his attempt on appeal to again recharacterize his claim as one "predicated on vicarious liability

3

regarding the underlying doctors' treatment of Kornberg." The Government cannot be held vicariously liable unless the doctors themselves were negligent or otherwise engaged in "actionable conduct." *McCrosky v. Carson Tahoe Reg'l Med. Ctr.*, 408 P.3d 149, 152 (Nev. 2017).[1] Kornberg may not resurrect a theory that he voluntarily abandoned below. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007).

**AFFIRMED.**

---

[1] The FTCA directs that the "law of the place where the act or omission occurred" applies to claims brought under the statute. 28 U.S.C. § 1346(b)(1). Thus, Nevada's substantive law applies here.