**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD JORODGE GLADNEY,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant-Appellee,<br><br> and<br><br>J. T. SHARTLE, Warden; et al.,<br><br>          Defendants. | No.    19-17443<br><br>D.C. No. 4:17-cv-00427-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted April 16, 2021
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

Plaintiff Edward Gladney, a transgender federal prisoner, appeals the district court's dismissal of her suit under the Federal Tort Claims Act ("FTCA") following her alleged sexual assault at United States Penitentiary ("USP") Tucson. Reviewing de novo, Young v. United States, 769 F.3d 1047, 1052 (9th Cir. 2014), we affirm.

1. The district court properly held that it lacks jurisdiction under the discretionary function doctrine. See Alfrey v. United States, 276 F.3d 557, 561 (9th Cir. 2002) (holding that the FTCA's limited waiver of sovereign immunity does not apply "if the tort claims stem from a federal employee's exercise of a 'discretionary function'"); see also 28 U.S.C. § 2680(a). Neither the Prison Rape Elimination Act ("PREA") nor any implementing regulation imposes a mandatory duty on the Federal Bureau of Prisons ("BOP") to monitor prisoners continuously. Cf. Alfrey, 276 F.3d at 561 (holding that a governmental function is not discretionary "when a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow" (citation omitted)).

To the contrary, both sources of law explicitly grant the BOP discretion in how to reduce the sexual assault of people in its charge. See 34 U.S.C. § 30307(a)(1) (providing that "the Attorney General shall publish a final rule adopting national standards for the detection, prevention, reduction, and punishment of prison rape"); 28 C.F.R. § 115.13(a) (providing that each prison

"shall develop, document, and make its best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing, and, where applicable, video monitoring, to protect inmates against sexual abuse" (emphases added)).  The corresponding BOP policy directs the agency's human resources and administration divisions to "consider PREA factors and safety, in general, when allocating overall staffing resources."  U.S. Dep't. of Justice, Fed. Bureau of Prisons Program Statement No. 5324.12, Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015), https://www.bop.gov/policy/progstat/5324_012.pdf.  An agency's "ability to consider" several competing factors can "demonstrate[] that no 'course of action' was prescribed."  Morales v. United States, 895 F.3d 708, 714 (9th Cir. 2018) (citation omitted).

Plaintiff's argument that the Attorney General's regulations for temporary lockups, which require continuous monitoring of certain people, 28 C.F.R. § 115.113, should also apply to prisons is unpersuasive.  Indeed, we must give effect to the Attorney General's choice to promulgate different regulations, which lack any similar provision, for adult prisons.  Those regulations "balanced a number of competing considerations" and deliberately crafted different provisions for different facilities "[b]ecause the purposes and operations of various types of

3

confinement facilities differ significantly."  National Standards to Prevent, Detect, and Respond to Prison Rape, 77 Fed. Reg. 37106, 37107 (June 20, 2012).

2.  The district court erred in declining to address Plaintiff's argument that the Eighth Amendment's prohibition of cruel and unusual punishment—as described in Farmer v. Brennan, 511 U.S. 825 (1994)—limited the BOP's discretion in how it prevents the rape of prisoners.  See Nurse v. United States, 226 F.3d 996, 1002 n.2 (9th Cir. 2000) (holding that "the Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply").  But that error is harmless because, following the close of discovery, the record lacks evidence of any individualized risk to Plaintiff of which guards were aware.  Plaintiff does not challenge her individualized risk assessment or her placement within the BOP.

3.  USP Tucson's choices about how to monitor prisoners "involve[] the type of policy judgment protected by the discretionary-function exception."  Alfrey, 276 F.3d at 564.  "When a statute or regulation allows a federal agent to act with discretion, there is a 'strong presumption' that the authorized act is based on an underlying policy decision."  Nurse, 226 F.3d at 1001 (quoting United States v. Gaubert, 499 U.S. 315, 324 (1991)).  Assuming without deciding that the "negligent guard theory" is valid in our circuit, it would not apply here.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475–76 (2d Cir. 2006) (per

4

curiam) (holding that the discretionary function doctrine does not shield a "BOP employee's failure to perform a diligent inspection out of laziness, hastiness, or inattentiveness"). The record lacks evidence of a similar abdication of duty here.

**AFFIRMED.**