**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES CONSOLE; ELIZABETH K.
CONSOLE,

      Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 23-3609

D.C. No.
3:23-cv-00652-DMS-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 6, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

James and Elizabeth Console appeal the district court's dismissal of their first

amended complaint ("FAC") with prejudice for lack of subject matter jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

    1.    We review a district court's dismissal for lack of subject matter

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction de novo. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States' sovereign immunity "for torts committed by federal employees acting within the scope of their employment." *Id.* But if a claim falls within an FTCA exception, then the United States retains immunity, and the district court lacks subject matter jurisdiction to hear the claim. *Id.*

The Consoles' claims are barred under the FTCA's discretionary function and misrepresentation exceptions. *See* 28 U.S.C. § 2680(a), (h). Their claim that the government failed to warn them of the scheme that defrauded them out of their retirement accounts falls within the misrepresentation exception. *See Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003) ("The misrepresentation exception shields government employees from tort liability for failure to communicate information."). And they concede that most of their claims regarding the government's investigation and prosecution of the scheme's perpetrators fall within the discretionary function exception. *See Gonzalez v. United States*, 814 F.3d 1022, 1028 (9th Cir. 2016) (explaining that investigation and prosecution decisions are "generally committed to [the government's] absolute discretion" (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985))).

The Consoles nonetheless contend that the discretionary function exception does not apply to their claim that the government acted negligently by preventing

them from participating in the perpetrators' criminal proceedings. They argue that, because they were victims of the fraudulent scheme, victims' rights statutes and the Due Process Clause removed the United States' discretion to exclude them from the proceedings. *See* 18 U.S.C. § 3663A(a)(1) (mandating restitution for victims of certain crimes); *id.* § 3771(a) (prescribing certain rights to crime victims, including the right to be heard at sentencing hearings); *Gonzalez*, 814 F.3d at 1027 (noting that a decision is not discretionary when federal law prescribes a specific course of action).

But the Due Process Clause does not require the government to allow crime victims to participate in criminal proceedings. *Dix v. County of Shasta*, 963 F.2d 1296, 1298–99 (9th Cir. 1992), *abrogated on other grounds by*, *Sandin v. Conner*, 515 U.S. 472 (1995). Regardless, to trigger the rights under the relevant statutes, the Consoles must have been victims of the charged offenses. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 927 n.10 (9th Cir. 2001) (holding that mandatory restitution is limited to "those losses caused by the actual offense of conviction"); 18 U.S.C. § 3771(e)(2)(A) (defining a "crime victim" as a person harmed by the commission of a federal offense). Because the government entered indictments and plea deals with reduced charges, and the Consoles were not victims of the crimes charged, there was no statutory requirement that the United States allow the Consoles' participation in the criminal proceedings. Thus, the United

States retained discretion over the Consoles' participation in the criminal proceedings, and the discretionary function exception applies.[1]

2.    "We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). The FAC failed to correct the deficiencies in the original complaint, and the Consoles do not specify how they would correct the deficiencies if granted leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1046–47 (9th Cir. 2011). Because dismissal without leave to amend is proper where "amendment would be futile," the district court did not abuse its discretion by dismissing the FAC with prejudice. *Id.* at 1041.

**AFFIRMED.**

---

[1]    To the extent that the Consoles assert an independent due process claim, the district court lacked subject matter jurisdiction to hear it. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011); *Munns v. Kerry*, 782 F.3d 402, 413–14 (9th Cir. 2015).