NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAD HARRISON, in his capacity as
Personal Representative of The Estate of
Johnathon Harrison,

Plaintiff - Appellant,

v.

VALE OREGON IRRIGATION
DISTRICT, a local government entity; TY
KING; UNITED STATES BUREAU OF
RECLAMATION, a federal government
entity,

Defendants - Appellees.

No. 24-2764

D.C. No.
2:23-cv-00334-HL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Andrew D. Hallman, Magistrate Judge, Presiding

Submitted December 4, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for

This wrongful death action arises from a motor vehicle accident that occurred in the course of Johnathon Harrison's employment for the Vale Oregon Irrigation District ("the District"), an independent contractor that operates irrigation works on federal property. Harrison's father, acting as a representative of his son's estate ("Plaintiff"), brings state-law claims against the United States, the District, and Harrison's supervisor. In relevant part, Plaintiff claims the United States negligently failed to ensure that the District complied with workplace safety laws. The district court dismissed Plaintiff's claims against the United States with prejudice for lack of subject matter jurisdiction, concluding that the "discretionary function" exception to the Federal Tort Claims Act ("FTCA") barred the claims. "We review *de novo* the district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction under the discretionary function exception." *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). We affirm.

1.     "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). "However, the FTCA's waiver of immunity is limited by a number of statutory exceptions." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). "If appellant's causes of action

the Northern District of Texas, sitting by designation.

2                                                                 24-2764

fall within one or more of these exceptions, then the federal courts lack subject matter jurisdiction to hear [his] claims." *Id.* The "discretionary function" exception exempts from liability claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." 28 U.S.C. § 2680(a). Challenged acts are covered by the exception if they "involve 'an element of judgment or choice,'" *Nieves Martinez v. United States*, 997 F.3d 867, 876 (9th Cir. 2021) (quoting *Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996)), and if "that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

To determine whether the challenged acts involve "an element of judgment or choice," this Court "examine[s] the applicable government policies to see if they authorize or imply discretion or if they mandate specific duties." *Lam v. United States*, 979 F.3d 665, 673 (9th Cir. 2020). Reviewing de novo, we conclude the discretionary function exception applies to Plaintiff's claims because neither the contract between the District and the United States, nor the Bureau of Reclamation Health & Safety Standards ("BOR Standards") impose a non-discretionary duty to supervise the District's operation of the irrigation works. The contract transfers the operation and maintenance of the irrigation works to the District. And while it

24-2764

grants the United States rights to inspect, make necessary repairs to, and assume temporary control over the irrigation works in certain circumstances, it does not require the United States to exercise those rights. The BOR Standards impose obligations on organizations and contractors working or operating facilities on federal land, but they do not require the BOR to implement or enforce safety standards. Neither document imposes a duty by implication, for "regulations that merely *empower*[]" an agency without issuing a "a specific mandatory directive" do not impose a non-discretionary duty for purposes of the discretionary function exception. *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1026 (9th Cir. 1989).

2.      Plaintiff forfeited his challenge to the second element of the discretionary function exception analysis—that the "judgment [afforded to the United States] is of the kind that the discretionary function exception was designed to shield," *Lam*, 979 F.3d at 673-74 (citation omitted)—when he failed to raise the issue in his opposition to the motion to dismiss or in his opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Accordingly, his claims against the United States fall within an exception to the FTCA, and the federal courts lack subject jurisdiction over the action. *Nurse v. United States*, 226 F.3d at 1000.[1]

---

[1] Because we affirm the district court's dismissal of Plaintiff's claims on jurisdictional grounds, we do not address whether the district court erred when it

3.     Plaintiff argues that dismissal on jurisdictional grounds is improper because the jurisdictional facts are intertwined with the merits of his claims. A district court erroneously dismisses an action under Rule 12(b)(1) if "the jurisdictional issue and substantive issues in th[e] case are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004). But the exception applies where the claim is based on a discretionary function, "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). And whether federal employees were negligent in their execution of a discretionary function is irrelevant to the question of whether they had discretion to act in the first instance. *See Kennewick Irr. Dist.*, 880 F.2d at 1029 ("[N]egligence is simply irrelevant to the discretionary function inquiry."). Accordingly, here, the merits analysis— focused on whether the United States negligently supervised the District—is irrelevant to the discretionary function inquiry, which concerns whether the United States had a *duty* to supervise in the first instance. Therefore, dismissal on jurisdictional grounds is not improper.

4.     The district court did not err when it denied Plaintiff leave to amend on futility grounds. "When the district court denies leave to amend because of futility

___

concluded that Plaintiff failed to state a claim against the United States under Oregon law.

of amendment, we will uphold such denial if 'it is clear, upon *de novo* review, that the complaint would not be saved by any amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (citation omitted). Accordingly, when claims are dismissed as barred by FTCA exceptions, amendment would be futile if the plaintiff cannot "redraft [his] claims to avoid the exceptions to the FTCA." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). The district court correctly concluded that, because the discretionary function exception bars claims related to the United States' oversight of the District, additional allegations of negligent supervision would not avoid the exception. Although Plaintiff argues that he could present allegations that demonstrate the United States' duty to supervise, he has not specifically indicated what those allegations would be. Because Plaintiff cannot "redraft [his] claims to avoid the exceptions to the FTCA," amendment would be futile and dismissal with prejudice was appropriate.

**AFFIRMED.**

24-2764