# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1916

_____

Yoram Raz,                                    *
                                              *
    Appellant,            *
                                              *    Appeal from the United States
  v.                                *    District Court for the
                                              *    Western District of Arkansas.
United States of America,                     *
                                              *    [PUBLISHED]
    Appellee.             *

_____

Submitted: August 7, 2003
Filed: September 16, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

 Yoram Raz appeals the district court's dismissal of his complaint for failure to state a claim. We affirm in part and reverse in part.

 Raz, a former Israeli citizen, filed his fee-paid complaint against the United States, asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (FTCA). Raz alleged the FBI continues to engage in what has been a 15-year "campaign of Surveillance, Operations and harassment" against him based on his "expression of certain unpopular political opinions" about the Israeli-Arab conflict. According to Raz, FBI agents have placed monitoring stations near his residence;

stalk him on a regular basis; issue "ALERTS" to local law-enforcement agencies so that he is immediately recognized wherever he goes; performed an illegal search of his Louisiana home in October 1998; tapped his telephones and planted electronic tracers in his car; have caused him to be ostracized by issuing "warnings" to stores and other businesses he frequents; initiated rumors throughout the community that Raz was a "spy" or "subversive element," which resulted in individuals breaking into his home, hog-tying him, and severely beating him; turned many of his acquaintances into spies working against him; conducted various "sting-operations" that were "extremely insulting and demeaning," whereby the FBI tried to accuse him of various crimes; and detained and interrogated him for about two hours in October 1998 when he walked into an FBI facility to file a complaint relating to the hog-tying incident. Raz further alleged the FBI's surveillance activities caused him "stress" and "severe deterioration of health and premature aging"; severely limited his "ability to make new acquaintances and destroyed forever relationships between friends"; interfered with his ability to re-marry and procreate as the ongoing surveillance scares away potential dates; made it nearly impossible to find employment; forced him to relocate several times; and caused him severe bodily injuries.

In October 2001, Raz filed an administrative claim with the FBI, which was denied on March 13, 2002. He brought this FTCA action on September 13, 2002. The district court granted the government's motion to dismiss.

Having carefully reviewed the record and appellate briefs, we conclude the district court should not have dismissed Raz's fee-paid complaint for failure to state a claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove "no set of facts" in support of claim which would entitle him to relief); Rucci v. City of Pacific, 327 F.3d 651, 652 (8th Cir. 2003) (dismissal for failure to state claim reviewed de novo); Cousineau v. Norstan, Inc., 322 F.3d 493, 499 (8th Cir.

-2-

2003) (interpretation of state law reviewed de novo); <u>Michaelis v. CBS, Inc.</u>, 119 F.3d 697, 702 (8th Cir. 1997) (interpretation of federal law reviewed de novo).

Initially, we conclude that the portions of Raz's complaint based on events taking place more than two years prior to his October 2001 administrative claim are not time-barred, because Raz alleged the FBI continued to engage in surveillance activities up until and beyond the date he filed his suit. <u>See</u> 28 U.S.C. § 2401(b) (tort claim against United States is forever barred unless it is presented in writing to appropriate federal agency within two years after claim accrues); <u>Gross v. United States</u>, 676 F.2d 295, 300 (8th Cir. 1982) (where tortious conduct is continuing in nature, statute of limitations for FTCA claim runs from date of last tortious act).

Further, considering all of Raz's allegations, we conclude they are sufficient to state cognizable tort claims under Arkansas law. <u>See, e.g.</u>, <u>Wal-Mart Stores, Inc. v. Lee</u>, 74 S.W.3d 634, 644-45 (Ark. 2002) (elements of claim for invasion of privacy by intrusion); <u>Faulkner v. Ark. Children's Hosp.</u>, 69 S.W.3d 393, 403-04 (Ark. 2002) (elements of claim for intentional infliction of emotional distress). While we agree that Raz may not proceed under the FTCA on a claim for slander, he appears to assert other tort claims that do not fall within the intentional-torts exception to the FTCA's waiver of sovereign immunity. <u>See</u> 28 U.S.C. § 2680(h) (intentional-torts exception to FTCA waiver); <u>Gross</u>, 676 F.2d at 303-04 (intentional-infliction-of-emotional-distress claim not barred by FTCA's intentional-torts exception); <u>Nurse v. United States</u>, 226 F.3d 996, 999, 1002 (9th Cir. 2000) (invasion-of-privacy claim based on alleged illegal searches by federal customs agents fell within FTCA's law-enforcement-officer proviso to intentional-torts exception); <u>Black v. Sheraton Corp. of Am.</u>, 564 F.2d 531, 539-40 (D.C. Cir. 1977) (plaintiff stated claim for invasion of privacy by intrusion based on FBI's illegal eavesdropping under FTCA; intrusion claim was not barred by libel or slander exceptions because plaintiff was not just suing for damage to his reputation, but instead was suing for physical trespass and unlawful invasion of his privacy that caused that damage); <u>Birnbaum v. United States</u>,

-3-

588 F.2d 319, 328 (2d Cir. 1978) (torts of trespass and invasion of privacy do not fall within intentional-torts exception).

We must also conclude that the FBI's alleged surveillance activities fall outside the FTCA's discretionary-function exception because Raz alleged they were conducted in violation of his First and Fourth Amendment rights. See 28 U.S.C. § 2680(a) (defining discretionary-function exception to FTCA); Pooler v. United States, 787 F.2d 868, 871 (3d Cir.) (noting that discretionary-function exception would not apply if complaint alleged that federal agents violated plaintiff's constitutional rights in course of investigation, because federal agents do not possess discretion to commit such violations), cert. denied, 479 U.S. 849 (1986).

Accordingly, we affirm the dismissal of any slander claim Raz was asserting, but otherwise reverse the judgment of the district court and remand for further proceedings. We also deny the pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-