# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2243

_____

Charles Arnold Trobaugh,

        Appellant,

       v.

Kerry Hyatt, Community Corrections
Manager; Van Racy, Contract
Specialist; Jill Bushaw, Correctional
Counselor; Michael Skaggs, Probation
Officer; Bruce Vander Sanden,
Correctional Supervisor; Theresa C.
Tometich, Probation Officer; Cynthia
Dennis, Probation Officer; Jerri Allen,
Probation Officer; Bobbi Peters, Gerald
R. Hinzman Center Director; Randy
Cole, Probation Officer; Robert
Anderson, Probation Officer; Dave
Pate, Correctional Staff Member;
Patricia Cargin, Senior United States
Probation Officer; Leah R. Noel,
Director of Beje Clark Residential
Center; Barbara Brandt, Correctional
Counselor; Michael Carr, Linn County
Jail Administrator; Brian Gardner,
Captain, Linn County Sheriff's
Department; United States of America,

        Appellees.

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.
_____

PER CURIAM.

Federal inmate Charles Arnold Trobaugh appeals the district court's[1] Federal Rule of Civil Procedure 12(b)(6) dismissal of his civil rights action. In his May 2003 complaint, consisting of 44 pages and supplemented by over 150 pages of exhibits, Trobaugh brought numerous claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); 42 U.S.C. § 1983; the Federal Tort Claims Act (FTCA); and state law. Named as defendants were the United States, three federal employees, a large group of state defendants, and three employees of the Linn County Jail.

We agree with the district court that Trobaugh's numerous claims against the federal defendants were not administratively exhausted, and that administrative remedies were available to him. Thus, the district court was required to dismiss the Bivens claims. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) (Bivens action involving prison conditions may not be brought before exhausting available administrative remedies); Johnson v. Jones, 340 F.3d 624, 626-28 (8th Cir. 2003) (standard of review; dismissal required where inmate has not administratively exhausted § 1983 claims before filing lawsuit). And once the district court determined the Bivens claims were unexhausted, the court was required to dismiss the section 1983 claims as well. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003) (when multiple prison-conditions claims have been joined,

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

available administrative remedies must be exhausted as to all claims). We revise the dismissal of these claims, however, to be without prejudice. See Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

We also conclude that the FTCA claims were properly dismissed. See Raz v. United States, 343 F.3d 945, 947 (8th Cir. 2003) (per curiam) (standard of review). Trobaugh either failed to administratively exhaust, see 28 U.S.C. § 2675 (requiring disposition by federal agency as prerequisite to FTCA action); or he failed to state viable claims under the FTCA, see Washington v. Drug Enforcement Admin., 183 F.3d 868, 873 (8th Cir. 1999).

Because the dismissal of Trobaugh's federal claims was proper, we find no abuse of discretion in the district court's decision to decline to exercise supplemental jurisdiction over the state claims. See Regions Bank v. J.R. Oil Co., 387 F.3d 721, 732 (8th Cir. 2004) (standard of review). However, we also modify the dismissal of these claims to be without prejudice. See Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

We observe that, should Trobaugh choose to file another complaint once his administrative remedies have been exhausted, such a complaint must comply with the federal pleading requirements. See Fed. R. Civ. P. 8(a),(e) (requiring short and plain statement showing pleader is entitled to relief; and that each averment in pleading be simple, concise, and direct); Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) (pro se litigants are not excused from complying with procedural law).

Accordingly, we affirm, but we revise the dismissal of the Bivens and section 1983 claims, as well as the state-law claims, to be without prejudice. We also deny Trobaugh's pending motions.

_____