[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12493

_____

D.C. Docket No. 5:16-cv-00276-WTH-PRL


MACKIE L. SHIVERS, JR.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
DALE GRAFTON,
Unit Manager, USP Coleman 2,
T. ANTHONY,
Counselor, USP Coleman 2,
FNU SPURLOCK,
Counselor, USP Coleman 2,
FNU GAY,
Psychologist, USP Coleman 2,
FNU BARKER,
Case Manager, USP Coleman 2, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 9, 2021)

Before WILSON, LAGOA, and HULL, Circuit Judges.

HULL, Circuit Judge:

Mackie Shivers, a federal inmate, brought this civil action following an attack by his cellmate, Marvin Dodson. In his pro se complaint, Shivers alleged that prison officials negligently assigned Dodson to his cell and that their conduct also violated his Eighth Amendment rights. Shivers brought suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and against five prison employees under Bivens.[1]

The district court dismissed Shivers's FTCA claim against the United States based on the discretionary function exception, 28 U.S.C. § 2680(a), to the FTCA's waiver of sovereign immunity. It dismissed without prejudice his Bivens claim against the prison employees for failure to exhaust his administrative remedies.

_____

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). A Bivens claim is a cause of action for damages against individual government officials alleged to have violated the plaintiff's constitutional rights. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 519 (2001).

2

After review, and with the benefit of oral argument, we affirm the district court's dismissal of Shivers's claims.

## I. BACKGROUND

In August 2015, Shivers was a 64-year-old inmate at a federal prison. Dodson was a 26-year-old, mentally unstable inmate at the same prison. Prison officials assigned Dodson to Shivers's cell. Both were imprisoned for cocaine drug convictions. After eight months without incident, Dodson stabbed Shivers in the eye with a pair of scissors while Shivers was sleeping. Shivers is now permanently blind in that eye.

Following the attack, Shivers pursued his administrative remedies with help from another inmate, Gordan Reid. The parties agree that Shivers properly completed the first three steps of the process—submission of BP-8, BP-9, and BP-10 forms. Shivers received denials at each level. Shivers believes he properly completed the fourth and final step of the administrative process—submission of the BP-11 form—but the government claims that it never received the form.

After he thought he had exhausted his administrative remedies, Shivers brought this FTCA and Bivens action against the United States and five prison employees (collectively, "the government"). His pro se complaint alleged that prison officials knew or should have known before they assigned Dodson to Shivers's cell that Dodson "was presenting aggressive and violent tendencies

toward other prisoners"—especially his cellmates—and that he had a history of assaulting his cellmates. His complaint also alleged that he was afraid for his safety, and that he voiced those concerns to prison officials. He claimed that the government's conduct was negligent, and that his "[r]ight to be free of cruel and unusual [p]unishment was violated."

The government moved to dismiss or for summary judgment. Of relevance here, the government argued that the discretionary function exception barred Shivers's FTCA claim. It also asserted that Shivers had failed to exhaust his administrative remedies as to his Bivens claim. The government attached a copy of the Bureau of Prison's ("BOP") SENTRY Administrative Remedy Generalized Retrieval database showing that the Central Office never received Shivers's BP-11 form.

As to the discretionary function exception, Shivers argued that he should be given the opportunity to conduct discovery to challenge the government's arguments and declarations about application of the exception. And as to the Bivens claim, Shivers argued that he had taken all necessary steps to exhaust his administrative remedies, providing his and Reid's declarations in support. The declarations said that Reid had helped him prepare the BP-11 form to be mailed to the Central Office in Washington, D.C.; that Shivers had provided Reid with a signed and dated copy of the form; and that Shivers had told Reid that he handed a

4

stamped envelope containing the original to the prison's institutional-mail officer. Shivers also claimed that he had repeatedly asked various prison officials about the status of his BP-11 appeal to no avail. Shivers attached an unsigned copy of the BP-11 form to his declaration, claiming it was a "true and correct copy" of the form he submitted to the Central Office.

The district court granted the government's motion to dismiss. The court dismissed Shivers's FTCA claim for lack of subject matter jurisdiction because the discretionary function exception barred Shivers's claim against the United States. It dismissed Shivers's Bivens claim for failure to exhaust administrative remedies. Shivers appeals both dismissals. This Court appointed appellate counsel for Shivers.

## II. FTCA CLAIM

### A.    The FTCA, 28 U.S.C. § 1346(b)(1)

For starters, Shivers's FTCA tort claim is against only the United States which, as a sovereign entity, is immune from suit without the consent of Congress. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980). The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the "negligent or wrongful act or omission" of a government employee "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

5

claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA addresses violations of state law by federal employees, not federal constitutional claims. See F.D.I.C. v. Meyer, 510 U.S. 471, 477–78, 114 S. Ct. 996, 1001 (1994) (explaining a "constitutional tort claim is not 'cognizable' under § 1346(b)" because the source of substantive liability under the FTCA is state law, not federal law).

**B.     Exception in 28 U.S.C. § 2680(a)**

Nonetheless, the FTCA broadly exempts (from the FTCA's waiver of sovereign immunity) "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (emphasis added). The upshot of § 2680(a) is that when the United States's performance of a "function or duty" involves discretion, the fact that the discretion was misused or abused in any way does not lead to liability for the U.S. Treasury. "[T]he purpose of the exception is to prevent judicial second-guessing of . . . administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. Gaubert, 499 U.S. 315, 323, 111 S. Ct. 1267, 1273 (1991) (quotation marks omitted).

**C.     Gaubert's Two-Prong Test**

United States v. Gaubert and its two-prong test govern the application of the FTCA's discretionary function exception. 499 U.S. at 322–23, 111 S. Ct. at 1273–74. In Gaubert's two-prong test, the Supreme Court expressly instructed courts how to determine whether challenged government conduct involves "a discretionary function or duty" for purposes of § 2680(a)'s exception. Id. at 322–23, 111 S. Ct. at 1273 (quoting 28 U.S.C. § 2680(a)). First, a court must determine whether the conduct challenged by the plaintiff was "discretionary in nature"—that is, whether it involved "an element of judgment or choice." Id. at 322, 111 S. Ct. at 1273 (quotation marks omitted). Second, a court must evaluate "whether that judgment [or choice] is of the kind that the discretionary function exception was designed to shield." Id. at 322–23, 111 S. Ct. at 1273 (quotation marks omitted).

Applying Gaubert's two-prong test, our Court has squarely held that the category of conduct challenged here—inmate-classification and housing-placement decisions—involves "a discretionary function or duty" protected by § 2680(a)'s exception. Cohen v. United States, 151 F.3d 1338, 1340, 1342–45 (11th Cir. 1998) (quoting 28 U.S.C. § 2680(a)) (concluding in an FTCA case that prison officials' actions in classifying prisoners and placing them in institutions—actions that "are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons"—involve conduct or decisions that meet both prongs of the discretionary function exception). In Cohen, our Court

7

held that, while 18 U.S.C. § 4042 "imposes on the BOP a general duty of care to safeguard prisoners," it "leaves BOP personnel sufficient discretion about how their § 4042 duty of care is to be accomplished to warrant application of the discretionary function exception." Id. at 1342.  Thus, inmate-classification and housing-placement decisions fall squarely within the discretionary function exception.  See id. at 1345.

## D.    Shivers's Arguments as to Constitutional Claims

Shivers nonetheless argues that the discretionary function exception does not apply here because the prison officials' decision to house Dodson in his cell violated the Eighth Amendment.[2]  Shivers contends that the BOP's discretionary inmate-placement decision is protected when the decision is merely tortious but not when that same conduct is both tortious and unconstitutional.  Appellant's Supp. Br. at 22.  Shivers reasons that prison employees "do not have discretion to violate the Constitution" and that therefore, as a matter of law, tortious conduct if allegedly unconstitutional necessarily falls outside the scope of the discretionary function exception "even if the government can otherwise meet the requirements" of Gaubert's test, since the discretionary function exception "does not immunize conduct that violates the Constitution." Id. at 13, 22 (emphasis added).

---

[2]We review de novo whether an FTCA claim is barred by the discretionary function exception.  Douglas v. United States, 814 F.3d 1268, 1273 (11th Cir. 2016).

Further, Shivers considers the allegations of unconstitutional conduct <u>only</u> as negating the discretionary function defense, not as part of the substantive FTCA claim. He maintains that while "[t]he substantive basis for [his] FTCA claim remains Florida law," an alleged constitutional violation "means that the government cannot shield itself using the discretionary function exception." <u>Id.</u> at 19–20. Under this view, his FTCA claim will proceed as a negligence claim, but the United States's statutory discretionary function defense to that negligence claim is not available if Shivers's complaint also sufficiently alleges an Eighth Amendment violation.

Under Shivers's creative dichotomy, an FTCA plaintiff would prove (1) first, the substantive FTCA state-law negligence claim, and (2) next, a federal violation of the Eighth Amendment by a prison employee that would negate the defendant United States's discretionary function defense to the plaintiff's state-law claim. While Shivers teases apart the two issues, what remains, in practice, is that in an FTCA state-law negligence case, the plaintiff can prevail (by negating the discretionary function defense) if the plaintiff proves that the alleged conduct "is both tortious and unconstitutional." <u>Id.</u> at 22. Shivers in effect argues for a "constitutional-claims exclusion" from the discretionary function exception in

9

§ 2680(a).  Shivers's arguments fail, as discussed below.[3]

## E.     Analysis

First, the statutory text of the discretionary function exception is unambiguous and categorical: the FTCA "shall not apply to . . . [a]ny claim" that arises from "a discretionary function or duty on the part of a federal agency or any employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (emphasis added).  This statutory text is plain and broad, encompassing "[a]ny claim" based on "a discretionary function or duty."  Id.  And the language Congress chose in § 2680(a) is unqualified—there is nothing in the statutory language that limits application of this exception based on the "degree" of the abuse of discretion or the egregiousness of the employee's performance.  Congress could have adopted language that carved out certain behavior from this exception—for example, grossly negligent behavior, intentional behavior, or behavior that rises to the level of a constitutional violation.  But Congress did not do so, and it is Congress that uniquely decides what should fall within the waiver of sovereign immunity.

The critical inquiry in an FTCA case like this one, therefore, is whether the

---

[3]The Dissent makes largely the same arguments as Shivers, and thus our analysis below of Shivers's claims applies to the Dissent as well.  Further, we reject the government's argument that Shivers waived or forfeited his position that the discretionary function exception does not apply to his FTCA tort claim, and thus address the merits of Shivers's arguments.

category or type of challenged government activity is discretionary under Gaubert. If it is, the express terms of the congressional consent to be sued, as expressed in § 2680(a), shield the United States from liability whether the governmental employee's exercise of his or her discretion is appropriate, slightly abusive, or so abusive that it is unconstitutional.

Congress left no room for the extra-textual "constitutional-claims exclusion" for which Shivers advocates. See Millbrook v. United States, 569 U.S. 50, 56–57, 133 S. Ct. 1441, 1445–46 (2013) (applying "[t]he plain text" of the FTCA and "declin[ing] to read . . . a limitation into unambiguous text"). The incompatibility of Shivers's proposed exclusion with the FTCA's remedial scheme is reinforced by the fact that Congress did not create the FTCA to address constitutional violations at all but, rather, to address violations of state tort law committed by federal employees. See Meyer, 510 U.S. at 477–78, 114 S. Ct. at 1001. The statutory language Congress used in the FTCA forecloses Shivers's claim. See BP P.L.C. v. Mayor & City Council of Baltimore, 593 U.S. ___, 141 S. Ct. 1523, 1539 (2021) ("Exceptions and exemptions are no less part of Congress's work than its rules and standards—and all are worthy of a court's respect. That a law might temper its pursuit of one goal by accommodating others can come as no surprise.").

Second, the Supreme Court in Gaubert defined "a discretionary function or duty" on the part of a federal agency or employee and instructed how courts should

determine if a "function or duty" is "discretionary" for purposes of § 2680(a). As noted earlier, under Gaubert's first prong, a court must determine if the challenged conduct—here, an inmate-classification and housing-placement decision—was "discretionary in nature," that is whether it involved "an element of judgment or choice." See Gaubert, 499 U.S. at 322, 111 S. Ct. at 1273 (quotation marks omitted). The inquiry is not about how poorly, abusively, or unconstitutionally the employee exercised his or her discretion but whether the underlying function or duty itself was a discretionary one.

The Supreme Court has explained that there is no discretion to exercise when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Gaubert, 499 U.S. at 322, 111 S. Ct. at 1273 (emphasis added) (quoting Berkovitz v. United States, 486 U.S. 531, 536, 108 S. Ct. 1954, 1958–59 (1988)). Only when a federal employee acts contrary to a specific prescription in federal law—be it a statute, regulation, or policy—does the discretionary function exception not apply. See id. at 322, 111 S. Ct. at 1273. The Supreme Court has repeatedly said that the discretionary function exception applies unless a source of federal law "specifically prescribes" a course of conduct. Id. (quoting Berkovitz, 486 U.S. at 536, 108 S. Ct. at 1958–59).

Shivers points to no federal statute, regulation, or policy that specifically prescribes a course of action that the prison employees here failed to follow. And,

12

of course, the Eighth Amendment itself contains no such specific directives as to inmate classifications or housing placements. Indeed, Shivers does not suggest on appeal that the prison officials had no discretion in their classification and housing placement decisions because of a directive from the Eighth Amendment that meets Gaubert's test.

Further, the FTCA is not based on alleged constitutional violations, and a plaintiff cannot circumvent the limitations on constitutional tort actions under Bivens—including the qualified-immunity doctrine—by recasting the same allegations (1) as a common-law tort claim under the FTCA that is not subject to the discretionary function exception or (2) as negating the discretionary function defense.[4]

---

[4]The Dissent argues that Berkovitz supports the position that unconstitutional conduct is never "permissible exercise of policy judgment." Diss. Op. at 25–27 (quoting Berkovitz, 486 U.S. at 539, 108 S. Ct. at 1960). However, Berkovitz, like Gaubert, actually shows why the discretionary function exception applies to Shivers's FTCA claim. The Supreme Court in Berkovitz instructed that conduct is discretionary if "it involves an element of judgment or choice" and that the exception "protects the discretion of the executive . . . to act according to one's judgment of the best course." 486 U.S. at 536, 108 S. Ct. at 1958 (quotation marks omitted). Indeed, the Supreme Court required that "a federal statute, regulation, or policy specifically prescribe[] a course of action for an employee to follow" in order for the discretionary function exception not to apply. Id. (emphasis added).

In Berkovitz, the Supreme Court emphasized that "a specific statutory and regulatory directive" required that the government agency receive certain test data before issuing a vaccine license, but the government agency issued the license without first obtaining the required test data. Id. at 533, 540–43, 108 S. Ct. at 1957, 1961–62 (emphasis added). Thus, the government agency had "no discretion to issue [the] license without first receiving the required test data; to do so . . . violate[d] a specific statutory and regulatory directive." Id. at 542–43, 108 S. Ct. at 1962. Berkovitz thus supports the government's position that the district court correctly dismissed Shivers's FTCA claim as barred by the discretionary function exception under Cohen because Shivers points to no specific statute, regulation, or policy that was violated.

13

Third, a cogent analysis of why there is no "constitutional-claims exclusion" to the statutory discretionary function exception (to the FTCA's waiver of sovereign immunity) is found in two Seventh Circuit decisions: (1) Kiiskila v. United States, 466 F.2d 626 (7th Cir. 1972); and (2) Linder v. United States, 937 F.3d 1087 (7th Cir. 2019), cert. denied, 141 S. Ct. 159 (2020). In Kiiskila, the plaintiff was the civilian office manager of a credit union located on a military base. Id. at 626. The base's commanding officer permanently barred the plaintiff from entry onto the base—thereby costing the plaintiff her job—because of the plaintiff's alleged violation of a base regulation. See id. at 626–27. In an earlier appeal in the case, the Seventh Circuit held that the exclusion of the plaintiff from the base and the resulting loss of her job violated the First Amendment. Id. at 627.

On remand, the plaintiff amended her complaint to add a claim for damages under the FTCA. Id. The district court dismissed the FTCA claim based on the discretionary function exception, and the Seventh Circuit affirmed, holding that "her exclusion from Fort Sheridan was based upon Colonel Nichols' exercise of discretion, albeit constitutionally repugnant, and therefore excepted her claim from the reach of the [FTCA] under 28 U.S.C. § 2680(a)." Id. at 627–28 (emphasis added). The Seventh Circuit noted that the officer's decision to enforce the regulation against the plaintiff and his selection of the methods to accomplish that enforcement were both discretionary functions, and stated:

14

> Of course, this is not to say the Colonel could not, through negligence or wrongful exercise, have abused his discretion by enforcing the regulation against activity "too far removed in terms of both distance and time" to pass constitutional muster; we have already determined the constitutional infirmity of the Colonel's exclusion. But 28 U.S.C. § 2680(a) precludes action for abuse of discretionary authority whether through negligence or wrongfulness.

> Since Colonel Nichols had discretion in choosing to apply the regulation, the Government remains immune from liability under 28 U.S.C. § 2680(a).

Id. at 628 (citations omitted) (quoting Kiiskila v. Nichols, 433 F.2d 745, 751 (7th Cir. 1970) (en banc)).

Similarly, Linder, another FTCA case, expressly addresses whether a plaintiff's plausible allegation of unconstitutional conduct deprives the United States of its sovereign immunity, which is otherwise preserved by § 2680(a)'s discretionary function exception to the FTCA. Linder, 937 F.3d at 1090–91. Although the district court in Linder concluded that the federal employee's conduct violated the Sixth Amendment, the Seventh Circuit rejected the plaintiff's argument that a constitutional violation defeats the discretionary function exception to the FTCA's waiver of the United States's sovereign immunity. Id.

In Linder, the FTCA plaintiff made the same argument as Shivers—that "no one has discretion to violate the Constitution." Id. at 1090. The Seventh Circuit rejected it because that principle has "nothing to do with the Federal Tort Claims Act, which does not apply to constitutional violations." Id. The Seventh Circuit

reasoned that the FTCA applies to torts, as defined by state law, in "circumstances where the United States, <u>if a private person</u>, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," while the Constitution governs the conduct of only public officials, not private ones.  <u>Id.</u> (quoting 28 U.S.C. § 1346(b)(1)).  The Seventh Circuit explained:

> [U]nless § 2680(a) is to be drained of meaning, it must apply to discretionary acts that are tortious.  That's the point of an <u>exception</u>: It forecloses an award of damages that otherwise would be justified by a tort.  Nothing in subsection (a) suggests that some discretionary but tortious acts are outside the FTCA while others aren't.

<u>Id.</u> at 1091.

Once the BOP's inmate-classification and housing-placement function is determined to be a discretionary function, then tortious acts (including unconstitutional tortious acts) in exercising that function fall within § 2680(a)'s discretionary function exception.  Prisoners can and should bring constitutional claims against individual prison officials under <u>Bivens</u> for their unconstitutional conduct, which is what Shivers did here against five prison employees.  But a prisoner's <u>FTCA tort claim</u> based on the government's tortious abuse of that function—even unconstitutional tortious abuse—is barred by the statutory discretionary function exception, as written and enacted.[5]

_____

[5]We acknowledge that there is a circuit split on this same discretionary function issue. <u>See</u> <u>Loumiet v. United States</u>, 828 F.3d 935, 944–46 (D.C. Cir. 2016); <u>Limone v. United States</u>, 579 F.3d 79, 101–02 (1st Cir. 2009); <u>Raz v. United States</u>, 343 F.3d 945, 948 (8th Cir. 2003);

16

Notably too, the Seventh Circuit in Linder explained that it was in part because of "[t]he limited coverage of the FTCA, and its inapplicability to constitutional torts" that the Supreme Court created Bivens actions against individual federal employees in the first place. Id. at 1090. The Seventh Circuit pointed out that "when, in the wake of Bivens, Congress adopted the Westfall Act to permit the Attorney General to substitute the United States as a defendant in lieu of a federal employee, it prohibited this step when the plaintiff's claim rests on the Constitution." Id. (citing 28 U.S.C. § 2679(b)(2)(A)). The Seventh Circuit concluded, "[t]his leaves the FTCA as a means to seek damages for common-law torts, without regard to constitutional theories." Id.

Fourth, as we explain later, plaintiff Shivers failed to exhaust his constitutional Bivens claim against the prison-employee defendants. Now that his constitutional claim under Bivens is dismissed, Shivers cannot back-door into this case his constitutional claim on the theory that the discretionary function defense is precluded as to his FTCA state-law tort claim simply because he alleges the prison employees' tortious acts were also unconstitutional. At bottom, Shivers cannot, by alleging a constitutional violation, evade this Court's controlling Cohen precedent

_____

Nurse v. United States, 226 F.3d 996, 1002 (9th Cir. 2000). These four other Circuits have generally concluded that the discretionary function exception does not categorically bar FTCA tort claims where the challenged government conduct or exercise of discretion also violated the Constitution. While the Seventh Circuit is in the minority, we find its reasoning and analysis to be more persuasive.

17

that inmate-classification and housing-placement decisions "exemplif[y] the type of case Congress must have had in mind when it enacted the discretionary function exception." Cohen, 151 F.3d at 1344.[6]

Shivers's flawed reasoning is also illustrated by how his constitutional-claim exclusion rule would work in practice. As mentioned earlier, to prove an FTCA tort claim, a plaintiff, like Shivers, must show negligence under state law. Yet to defeat the United States's discretionary function defense to that state-law claim, a plaintiff would have the burden to prove the challenged tortious conduct also violated the Eighth Amendment. Here that means Shivers must prove the prison employees acted with deliberate indifference to a known substantial risk of serious harm to the plaintiff.[7] Both types of claims—state tort law and federal constitutional law—would need to be tried in the singular FTCA case. And the district court would have to instruct the jury that, even if the plaintiff proves the

---

[6]To be clear, deciding whether the district court properly dismissed Shivers's FTCA tort claim—as barred by the discretionary function exception—does not depend upon whether Shivers did or did not file a Bivens claim. Even if Shivers had never filed a Bivens claim, the district court still properly dismissed his FTCA tort claim as barred by the discretionary function exception. We mention the "back-door" reentry of Shivers's Bivens claim only because he did file a Bivens claim that is now dismissed for failure to exhaust.

[7]Federal constitutional law requires that to state an Eighth Amendment claim, a plaintiff must show the prison employee acted with deliberate indifference to a known substantial risk of serious harm to the plaintiff, which requires that the prison employee "actually (subjectively) knew that an inmate faced a substantial risk of serious harm." See, e.g., Mosley v. Zachery, 966 F.3d 1265, 1270 (11th Cir. 2020) (alterations accepted). This is far different from a negligence claim under state law.

prison employees were negligent under state law, the discretionary function defense bars that state-law claim against the United States unless the plaintiff also proves his federal constitutional claim that the same prison employees were deliberately indifferent to a substantial risk of serious harm and thereby violated his clearly established Eighth Amendment rights.[8]

Fifth and finally, we recognize Shivers cites dicta in Denson v. United States, 574 F.3d 1318 (11th Cir. 2009), arguing in that case we "endorsed" the view that because "government officials lack discretion to violate constitutional rights," the discretionary function defense would not be available to the United States in an FTCA case. Supp. Reply Br. at 4–5 (quoting Denson, 574 F.3d at 1336–37) (internal quotation marks omitted). Two observations.

First, Denson spoke of a successfully established Bivens claim in the same case, not a dismissed Bivens claim for failure to exhaust. Second, Shivers does not

---

[8] Shivers and the Dissent cite Owen v. City of Independence, 445 U.S. 622, 100 S. Ct. 1398 (1980), for the proposition that the government has no discretion to violate the Constitution, but that is not an FTCA case. The plaintiff Owen, a discharged employee, brought a 42 U.S.C. § 1983 constitutional claim against the City, the City Manager, and the City Council members for a violation of his Fourteenth Amendment rights because he was discharged without notice of reasons and a hearing. Id. at 624, 629–30, 100 S. Ct. at 1402, 1404–05. In a five–four decision, the Supreme Court concluded that the City was not immune from suit under § 1983 for constitutional violations, that § 1983 "creates a species of tort liability that on its face admits of no immunities," and that the City may not assert the good faith of its officers as a defense. Id. at 635–39, 100 S. Ct. at 1407–09 (quotation marks omitted).

Unlike Owen, this case involves § 2680(a)'s statutory discretionary function defense to the FTCA liability that creates a broad exception to the FTCA's waiver of sovereign immunity. The 1980 Owen decision was also well before the 1991 Gaubert decision that instructed courts on precisely how to determine if a "function or duty" was discretionary for purposes of § 2680(a). Owen does not support Shivers's position.

19

contend that this Court's statement in Denson was a holding, nor could he contend as much. In Denson, an airplane passenger brought suit: (1) against the customs officials under Bivens for intrusively searching her without probable cause, in violation of her Fourth and Fifth Amendment rights; and (2) against the United States under the FTCA, primarily based on Florida tort law. 574 F.3d at 1323, 1333. Ultimately, the district court concluded that the Bivens claims were barred by 28 U.S.C. § 2676 and that the plaintiff failed to prove her FTCA claim because she did not show that the customs officials committed the state-law torts she alleged. Id. at 1333–35. The district court's rulings were not based on § 2680(a)'s discretionary function exception. See id.

On appeal, this Court determined that (1) the plaintiff's Bivens claim failed because she did not show that the customs officials violated the Fourth Amendment, and (2) the FTCA claim failed because her state-law tort claims were barred by the Supremacy Clause. See id. at 1344–45. This Court concluded that "we need not consider the applicability of the discretionary function exception and whether jurisdiction exists to entertain them." Id. at 1345. As Shivers concedes, Denson's comments on the discretionary function defense's applicability to unconstitutional tortious conduct are merely dicta. And we have not applied Denson's dicta regarding the discretionary function defense in any subsequent published opinion.

20

For all of these reasons, we affirm the district court's dismissal of Shivers's FTCA state-law tort claim as barred by § 2680(a)'s discretionary function defense.

### III.  BIVENS CLAIM

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before bringing a Bivens claim.  See 42 U.S.C. § 1997e(a).  Because the failure to exhaust is "treated as a matter in abatement and not an adjudication on the merits," the district court may consider facts outside the pleadings "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (footnote omitted).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).  First, the court evaluates the factual allegations in the motion to dismiss and the response.  Id.  If they conflict, the court accepts the plaintiff's version as true.  Id.  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  Id.  Second, if the complaint would not be subject to dismissal, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Id.

A plaintiff must follow a four-step process to exhaust his administrative remedies with the BOP.  See 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a).  Here, the only step at issue is the fourth and final step: the appeal to the BOP's General Counsel at the Central Office in Washington, D.C. (BP-11 form).  See § 542.15(a).  The inmate must "date and sign the Appeal," § 542.15(b)(3), and "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received," 28 C.F.R. § 542.18.

First, Shivers argues that the district court erred by engaging in fact-finding without giving him adequate opportunity to conduct discovery to verify whether he submitted his BP-11 form.  We disagree.[9]  Shivers had adequate opportunity to develop the record on his Bivens claim; indeed, he obtained declarations and attached them to his response to the government's motion to dismiss.  See Bryant, 530 F.3d at 1377.  Further, as Shivers did not request an evidentiary hearing and the district court dismissed his Bivens claim without prejudice, the district court was within its discretion to "resolve material questions of fact on submitted papers for the PLRA's exhaustion of remedies requirement."  See id. at 1377 n.16.

---

[9]We review a dismissal for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) de novo, but we review the district court's findings of fact related to exhaustion for clear error.  Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998); see Bryant, 530 F.3d at 1377.

Second, Shivers claims the district court's finding that he failed to file his BP-11 form was clearly erroneous. It was not; substantial evidence supports the district court's finding. The government submitted a declaration by a BOP paralegal specialist stating that "Shivers failed to submit his appeal at the Central Office level." The declaration included an exhibit showing no entry of a BP-11 form in the BOP's SENTRY system. Because an appeal "is considered filed on the date it is logged into the Administrative Remedy Index as received," the district court could rely on the declaration and exhibit. See § 542.18. Further, the BP-11 form attached to Shivers's declaration, which he declared was a "true and correct copy" of the form he submitted, was unsigned. Therefore, the district court correctly concluded that Shivers's unsigned form would not have been acceptable even if it had been received by the Central Office. See § 542.15(b)(3).

## IV. CONCLUSION

In sum, we affirm (1) the district court's dismissal of Shivers's FTCA claim as barred by the discretionary function exception in 28 U.S.C. § 2680(a), and (2) the district court's dismissal without prejudice of Shivers's Bivens claim for lack of subject matter jurisdiction.

**AFFIRMED.**

23

WILSON, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority in affirming the district court's dismissal of Shivers's *Bivens*[1] claim for failure to exhaust.  I disagree with the majority's decision on the matter of first impression in this court—whether the discretionary function exception shields a government employee who violates the Constitution from liability under the Federal Tort Claims Act (FTCA).  The majority holds that a "prisoner's FTCA tort claim based on the government's tortious abuse of [a discretionary] function—*even unconstitutional tortious abuse*—is barred by the statutory discretionary function exception, as written and enacted."  Maj. Op. at 16 (emphasis omitted and added).  I disagree.  By violating the Constitution, a government employee necessarily steps outside his permissible discretion—and thus outside the discretionary function exception's protection.  Accordingly, I would join most of our sister circuits who have reached this issue and hold that the discretionary function exception does not shield the government from FTCA liability based on unconstitutional conduct.

The discretionary function exception precludes "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government, whether or not

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

the discretion involved be abused." 28 U.S.C. § 2680(a). Congress created the exception to prevent "judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984) (internal quotation marks omitted). Thus, "decisions that involve judgment grounded in these considerations fall within the exception." *Ochran v. United States*, 117 F.3d 495, 500 (11th Cir. 1997). But the exception "applies only to conduct that involves the *permissible* exercise of policy judgment." *Berkovitz v. United States*, 486 U.S. 531, 539 (1988) (emphasis added).

As the majority explained, we follow the two-prong *Gaubert*[2] test to determine whether the discretionary function exception protects a certain type of conduct. For the first prong, we ask whether "the nature of the conduct . . . involves an element of judgment or choice." *Douglas v. United States*, 814 F.3d 1268, 1273 (11th Cir. 2016) (internal quotation mark omitted). And for the second prong, we ask whether the judgment or choice "is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23. I disagree with the majority's position that "[o]nly when a federal employee acts contrary to a specific prescription in federal law—be it a statute, regulation or policy—does the discretionary function not apply." Maj. Op. at 12. That inquiry

---

[2] *United States v. Gaubert*, 499 U.S. 315 (1991).

25

is relevant only to whether inmate housing decisions generally satisfy the first prong of the *Gaubert* test. *See Gaubert*, 499 U.S. at 322 ("The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" (quoting *Berkowitz*, 486 U.S. at 536)).

Here, there is no dispute over whether inmate housing decisions generally satisfy the first prong of *Gaubert*. We applied *Gaubert*'s two-part test in *Cohen* and determined that, generally, prison officials' decisions about inmate placement are protected by the discretionary function exception. *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998). But *Cohen* did not present us with the question here: is a prison official's decision about inmate placement protected by the discretionary function exception when a plaintiff alleges that the decision was not just tortious, but also violated the Constitution?

The answer must be no. The government "has no discretion to violate the Federal Constitution; its dictates are absolute and imperative." *See Owen v. City of Independence*, 445 U.S. 622, 649 (1980) (internal quotation marks omitted); *see also Denson v. United States*, 574 F.3d 1318, 1337 (11th Cir. 2009) (noting that "government officials lack discretion to violate constitutional rights"). And the discretionary function exception protects only conduct that involves "the

26

*permissible* exercise of policy judgment." *Berkovitz*, 486 U.S. at 537, 539 (emphasis added). Thus, if government employees violate the Constitution, they are necessarily—and impermissibly—acting outside the scope of their discretion, rather than merely abusing the discretion they have. The discretionary function exception does not protect such extra-discretionary conduct.

The majority characterizes this conclusion as an "extra-textual 'constitutional-claims exclusion.'" Maj. Op. at 10. The majority also claims that "[t]he inquiry is not about how poorly, abusively, or unconstitutionally the employee exercised his or her discretion but whether the underlying function or duty itself was a discretionary one." Maj. Op. at 11–12. But these conclusions ignore Supreme Court precedent interpreting government officials' scope of discretion to exclude *impermissible* and *unconstitutional* conduct. *See Berkovitz*, 486 U.S. at 537, 539; *see also Owen*, 445 U.S. at 644–50.

A deeper look at *Owen* reveals the crucial flaw in the majority's interpretation of the discretionary function exception. There, the Supreme Court evaluated whether a common-law immunity for "discretionary" functions could protect municipalities against 42 U.S.C. § 1983 claims where the municipalities' employees acted in good faith. 445 U.S. at 644–50. The Court explained that this immunity doctrine was rooted in the concept of separation of powers; it served to "prevent[] courts from substituting their own judgment on matters within the

27

lawful discretion of the municipality." *Id.* at 649.  But the Court explained that this "discretionary" function immunity could not shield a municipality in a § 1983 action alleging unconstitutional conduct because a municipality has no "discretion" to violate the Constitution.  *Id.*

The FTCA's discretionary function exception is similarly based on separation-of-powers principles.  Like the common-law's discretionary function immunity, the exception serves to prevent "judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." *See Varig Airlines*, 467 U.S. at 814 (internal quotation marks omitted).  The contexts are thus well aligned.  And because there is no discretion to violate the Constitution, unconstitutional conduct is necessarily outside the scope of the discretionary function exception, just like it is outside the scope of discretionary function immunity at common law.  Therefore, the discretionary function exception likewise cannot shield the United States in an FTCA case where the tortious conduct at issue also allegedly violates the Constitution.

This conclusion is not revolutionary.  This court stated as much in *Denson*, where we acknowledged that "a government official is not[] 'exercis[ing] or perfom[ing], or . . . fail[ing] to exercise or perform a discretionary function or duty'" when he violates the Constitution.  574 F.3d at 1337 n.55 (quoting § 2680(a)).  We also indicated in *Denson* that the discretionary function exception

28

would not be an available defense for the United States in an FTCA case if the plaintiff had successfully established a constitutional violation in a *Bivens* claim based on the same conduct. *Id.* Although these statements were dicta, they support the point that this court has interpreted the discretionary function exception to exclude protection for unconstitutional conduct before.

And virtually every other circuit to address the issue has concluded, based on the same reasoning, that the discretionary function exception cannot provide blanket immunity for tortious conduct that also violates the Constitution. *See Loumiet v. United States*, 828 F.3d 935, 938 (D.C. Cir. 2016) (holding that the discretionary function exception does not "categorically bar FTCA tort claims where the challenged exercise of discretion allegedly exceeded the government's constitutional authority to act"); *Limone v. United States*, 579 F.3d 79, 102 (1st Cir. 2009) (holding that allegedly unconstitutional conduct falls outside the scope of the FTCA's discretionary function exception); *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (per curiam) (same); *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000) (holding that although the FTCA's discretionary function exception would generally protect the creation of policies and rules, government actors do not have discretion to create unconstitutional policies); *see also Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) (noting in dicta that the discretionary function exception would not apply if a complaint alleged that

29

government officials' conduct violated the Constitution because "federal officials do not possess discretion to commit such violations"), *cert denied*, 479 U.S. 849 (1986), *abrogated on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013).

The majority joins the one circuit that has gone the other way. In *Linder v. United States*, the Seventh Circuit dismissed the idea that the discretionary function exception does not bar FTCA claims involving allegations of unconstitutional conduct. 937 F.3d 1087, 1090 (7th Cir. 2019), *petition for cert. filed* (Mar. 2, 2020) (No. 19-1082). In its view, "the theme that 'no one has discretion to violate the Constitution' has nothing to do with the Federal Tort Claims Act, which does not apply to constitutional violations." *Id.* The FTCA makes the United States liable for state law torts as a "private person" would be. *Id.* (quoting 28 U.S.C. § 1346(b)(1)). So, because "[t]he Constitution governs the conduct of public officials, not private ones," the FTCA is only "a means to seek damages for common-law torts, without regard to constitutional theories." *See id.*

This logic is unpersuasive. The Seventh Circuit's analysis assumes that evaluating a complaint's constitutional allegations transforms the substance of an FTCA claim from state tort law to constitutional law. The majority makes the same logical error, claiming that an unconstitutional-conduct limitation is incompatible with the FTCA because it was not created "to address constitutional

violations at all but, rather, to address violations of <u>state tort law</u> . . . ."  *See* Maj.

Op. at 11.  But as the District of Columbia Circuit explained in *Loumiet*:

> A plaintiff who identifies constitutional defects in the conduct underlying her FTCA tort claim—whether or not she advances a *Bivens* claim against the individual official involved—may affect the availability of the discretionary-function defense, but she does not thereby convert an FTCA claim into a constitutional damages claim against the government; state law is necessarily still the source of the substantive standard of FTCA liability.

828 F.3d at 945–46.  In other words, we consider the allegations of

unconstitutional conduct *only* as "negating the discretionary function defense," not

as part of the substantive FTCA claim.  *See Limone*, 579 F.3d at 102 & n.13.  So

the FTCA claim still addresses only "violations of <u>state tort law</u> committed by

federal employees"; it does not "address [a defendant's] constitutional violations."

*See* Maj. Op. at 11.  It remains only "a means to seek damages for common-law

torts."  *Id.* at 17 (quoting *Linder*, 937 F.3d at 1090).

    For example, allegations that a prison official's negligent inmate housing

decision violated the Eighth Amendment show that the prison official acted outside

the scope of his typical discretion to make inmate housing decisions.  If

sufficiently alleged, such allegations would preclude application of the

discretionary function exception, no matter if the plaintiff also brought a viable

*Bivens* claim.  The plaintiff's FTCA claim would move forward *based on the*

*allegations of negligence*; if those allegations are proven, the government would be

held liable as a "private person" would be. *See* § 1346(b)(1). This interpretation of the discretionary function exception thus does not provide a "back door" for a plaintiff's failed *Bivens* claim. The FTCA and *Bivens* provide different remedies against different parties under different substantive law. When evaluating the merits of an FTCA claim, state tort law still governs any liability determination, only the United States can be held liable, and the only available remedies are those provided by the FTCA. Whether a plaintiff sufficiently alleges or even brings a *Bivens* claim is thus completely irrelevant to that analysis.

The majority claims that the practical effect of this would be that, to defeat the discretionary function defense, a plaintiff must prove the negligent conduct under state law and the constitutional violation in a single FTCA case. So even where no constitutional claim proceeds to trial, the plaintiff must prove a constitutional claim. Maj. Op. at 17. But as already stated, whether the plaintiff brings a constitutional claim is irrelevant, and the plaintiff would not be required to prove a constitutional claim. Proving that the government officials' conduct was unconstitutional is relevant *only* to whether the discretionary function exception applies.

Further, I do not share the majority's concerns with how this "would work in practice." *See* Maj. Op. at 18. It is not unusual for jurisdictional issues to proceed to trial alongside merits issues. For example, a plaintiff may need to introduce

32

evidence at trial to prove its standing.  In such cases, the district court instructs the jury on how to properly—and separately—assess the jurisdictional and merits issues.  Put simply, district courts are well-equipped to craft jury instructions on how to separately evaluate the jurisdictional issue (whether the discretionary function exception immunizes the United States from suit) and the merits issue (whether the defendants were negligent under Florida law).

While I would hold that the discretionary function exception does not shield the government from FTCA liability based on unconstitutional conduct, the mere assertion of a constitutional violation cannot be enough to preclude application of the exception at the motion-to-dismiss phase.  The allegations supporting a constitutional violation must be *plausible*.  Thus, I would vacate the district court's dismissal of Shivers's FTCA claim and remand the case to the district court to decide in the first instance whether Shivers plausibly alleged an Eighth Amendment violation, thereby rendering the discretionary function exception inapplicable to his FTCA claim.