[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12635

Non-Argument Calendar

_____

HANOI HORMACHEA,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

Defendants,

DR. HARIDAS BHADJA,
Chief Medical Officer at Okeechobee
Correctional Institution, in official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14227-JEM

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Hanoi Hormachea, a state prisoner proceeding *pro se*, appeals the dismissal of his civil rights claim brought under 42 U.S.C. § 1983 for failure to exhaust administrative remedies. He asserts he exhausted his administrative remedies by filing a timely informal grievance and later filing a formal medical grievance because other remedies were both unavailable and futile. After review,[1] we affirm.

---

[1] "We review a dismissal for failure to exhaust administrative remedies *de novo*." *Shivers v. United States*, 1 F.4th 924, 936 n.9 (11th Cir. 2021). "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, we take the plaintiff's factual allegations as true and determine if they entitle the defendant to dismissal for failure to exhaust administrative remedies. *Id.* Second, if dismissal is not warranted at the first step, the court should make specific findings to resolve disputes of fact and should dismiss if, based on those findings, the defendant has shown a failure to exhaust. *Id.*

## I.  BACKGROUND

On July 25, 2019, Hormachea filed an informal grievance. He grieved that he fell in the dining hall on July 11, 2019 and was seen by Dr. Haridas Bhadja on July 15, 2019, who prescribed him thirty tablets of ibuprofen for ninety days and scheduled him for an X-ray on July 17, 2019.  Hormachea complained that he had not seen the doctor since then and that he was unable to move his arm as a result of the pain.  He also complained that he had not yet received an ointment the doctor prescribed him on July 11, 2019. His informal grievance was approved and responded to on July 29, 2019.  The response stated that Plaintiff had "a scheduled appointment with the provider in the near future" and that if he experienced future problems, he may present his concerns to the health care staff through sick call.

On October 10, 2019, Hormachea was transferred to another facility.  Hormachea learned upon arrival that he had been transferred to receive treatment for his shoulder injury.  On the day he arrived, he was seen by a doctor who took X-rays and diagnosed Hormachea with a broken bone.  The doctor prescribed an injection for the pain and scheduled another appointment within four weeks.

Hormachea filed a formal grievance on October 21, 2019.  In his formal grievance, he stated that Dr. Bhadja failed to provide proper treatment for his shoulder after he was seen by him on July 15, 2019.  He grieved that Dr. Bhadja's determination that there was nothing wrong with his left shoulder constituted deliberate

indifference to his serious medical conditions.  The formal grievance was denied on November 4, 2019, without any mention of non-compliance with the grievance procedures.  Hormachea appealed the decision to the Florida Department of Corrections (FDOC) Office of the Secretary on November 16, 2019.  The appeal was returned without action on December 13, 2019 for non-complaince with the grievance procedures set forth in Chapter 33-103.  The response to the appeal stated that Hormachea was "outside the timeframe to grieve this issue as [he] didn't submit a formal grievance on it until 10/21/19 and the Institution should have returned [his] formal grievance."

## II.  DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that no action may be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner until their available administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The PLRA's exhaustion requirement "entirely eliminates judicial discretion and instead mandates strict exhaustion, irrespective of the forms of relief sought and offered through administrative avenues." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (quotation marks omitted).  "The PLRA exhaustion requirement requires proper exhaustion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006) (emphasis omitted).  Proper exhaustion

"demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

Under the FDOC grievance procedures outlined in Florida's Inmate Grievance Procedure, Fla. Admin. Code ch. 33-103, in relevant part, an inmate is required to (1) file an informal grievance with the staff member responsible for the particular area of the problem, (2) file a formal grievance with the warden's office, and (3) if an appeal is desired, submit an appeal to the Office of the Secretary. *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010); Fla. Admin. Code R. 33-103.005–.007. A formal grievance must be received no later than 15 days after (1) the date on which the informal grievance was responded to, or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed pursuant to the circumstances specified in Rule 33-103.006(3). Fla. Admin. Code R. 33-103.011(1)(b). If the formal grievance is not timely filed, a grievance or its appeal may be returned to the inmate without further processing. *Id.* R. 33-103.014(1)(d)–(e).

The district court did not err in granting Bhadja's motion to dismiss because Hormachea failed to exhaust his administrative remedies. Exhaustion is mandatory under the PLRA. *See Jones*, 549 U.S. at 211. Hormachea received a response to his informal grievance on July 29, 2019, and under Florida's Inmate Grievance Procedure, he was required to file his formal grievance no later than 15 days after receiving that response. *See* Fla. Admin. Code R. 33-103.011(1)(b). However, Hormachea did not file his formal

grievance until October 21, 2019, over two months after the administrative deadline expired. Because Hormachea's formal grievance was untimely filed, he failed to comply with the procedural rules of the Inmate Grievance Procedure, as required to exhaust administrative remedies.[2] *See Woodford*, 548 U.S. at 90, 93. Thus, the district court did not err in dismissing his complaint for failure to exhaust administrative remedies.

As to Hormachea's argument that administrative remedies were unavailable to him, the district court considered that argument when it found his allegations of "gate-keepers . . . shortstopping" him did not change the outcome. Additionally, Hormachea failed to allege any facts supporting a plausible inference that administrative remedies were unavailable. While he alleged various people in the administrative system "created . . . impediments," he never explained what those impediments were. Likewise, though he invoked the "machination, misrepresentation, or intimidation" category of unavailable administrative procedures, he did not identify any machination, misrepresentation, or intimidation. *See Ross v. Blake*, 578 U.S. 632, 643 (2016) (noting, as an administrative remedy not capable of use to obtain relief, "when prison administrators thwart inmates from taking advantage of a grievance process

---

[2] The district court also did not err in finding the administrative panel's review of Hormachea's untimely formal grievance on the merits did not render it timely. Nothing in Florida's Inmate Grievance Procedure law or the PLRA indicates that an administrative review of an untimely grievance on the merits renders that grievance timely. *See* Fla. Admin. Code ch. 33-103; 42 U.S.C. § 1997e(a).

22-12635              Opinion of the Court                    7

through machination, misrepresentation, or intimidation"). Instead, he referenced legitimate procedural steps which resulted in reviews that did not result in his favor. Such contentions are conclusory and do not raise his allegations above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level, and something "more than labels and conclusions" is required). Disagreement with an administrative body's rulings and procedures does not constitute unavailability of the process. *See Ross*, 578 U.S. 643-44. The district court also did not err in rejecting Hormachea's argument that the administrative grievance process was futile, because futility is not a defense to the PLRA's exhaustion requirements. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998) (stating futility of pursuing administrative remedies is not an exception to the exhaustion requirements of the PLRA).

## III. CONCLUSION

The district court did not err in dismissing Hormachea's complaint for failure to exhaust his administrative remedies because his formal grievance was not timely filed. Accordingly, we affirm.

**AFFIRMED.**